A. C. JOHNSON v. F. S. SIMMONS.

April 19, 1899.

Nos. 11,684—(41).

**Verdict Sustained by Evidence.**
Evidence considered, and *held* to support the verdict.

Appeal by defendant from an order of the district court for Martin county, Quinn, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $40.15. Affirmed.

*A. G. T. Brown* and *H. H. Dunn,* for appellant.
*Voreis & Mathwig,* for respondent.

START, C. J.

Action for the recovery of a balance claimed to be due from the defendant to the plaintiff for labor performed, under a special contract for the term of six months, at the agreed price of $16 per month. The answer was a general denial, except that it admitted that plaintiff did some work for the defendant, and alleged that the defendant had a full and complete settlement with plaintiff, and fully paid him for all of his services. Verdict for the plaintiff, and

the defendant appealed from an order denying his motion for a new trial.

The only assignments of error discussed in the brief of counsel for defendant are those which raise the question of the sufficiency of the evidence to support the verdict.

The parties agree that the plaintiff worked for the defendant six months. The plaintiff testified that his wages were to be $16 per month. The defendant testified that the contract price was only $15 per month; that he paid the plaintiff $65 during the progress of his work, leaving a balance due of $25, which was paid at the close of the term, in full settlement of the plaintiff's claim. The plaintiff testified that he had been paid only $35 during his term of service, leaving a balance then due of $61; that he was then paid $25, leaving $36 still due. The evidence fully sustains the finding of the jury to the effect that the contract price was $16 per month, and that the plaintiff had been paid only $35 during the term of his service, leaving $61 actually due at the expiration of such term. But the doubtful question in the case is whether the defendant accepted the $25 then paid in full settlement and discharge of the $61 then due to him. The plaintiff, at the time this $25 was paid, was a minor, and then executed a receipt to the defendant in these words: "Received of F. Simmons in full up to date." His testimony as to the payment and the giving of the receipt was to the effect following:

He asked me once or twice what I would take. I told him what was due me. He finally told me he would give me $25 or nothing; that I could take that or go without it. I told him I would take it, but would not call it square. I signed the receipt, and he gave me the money. He said he would settle, and give me $25, if I would receipt in full. I then signed and delivered the receipt, and he paid over the $25. I did not acknowledge any settlement in full. I never have.

The defendant testified, in effect:

I paid him the $25, and took his receipt. It was for the final payment of his wages, which, with the payments previously made, amounted to $90, the full contract price; and took his receipt in final settlement. I did not tell him he could take the $25 or nothing.

A third party testified that he heard all of the testimony given on the trial of this action in justice court, and testified further as follows:

"Q. Did Simmons state at that time he didn't know how much he had paid Johnson at the time Johnson gave his receipt? A. Yes; he was pressed to tell, and he refused to tell. * * * Q. Did he also state at that time he didn't know how much he was owing Johnson at the time he paid him the last $25? A. The only statement he would make was, he paid him all he owed him. * * * Q. Did he state at that time he had a book? A. He said he had no book. Q. Was he asked how much he had paid him? A. He was. Q. Did he tell? A. He said he had paid him a $30 payment, I believe, and a $10 payment. Q. And those were all the payments he had paid? A. And the balance he would not state. Q. He refused to tell? A. Yes, sir; he refused to tell."

We regard this as a border case, but, on the whole record, we are of the opinion (without reference to the question of plaintiff's infancy, which was not submitted to the jury) that the evidence fairly justified the jury in finding that there was no bona fide dispute between the parties as to the real amount due the plaintiff, and that he did not release his claim to the balance due him by accepting the $25. See Duluth Chamber of C. v. Knowlton, 42 Minn. 229, 44 N. W. 2; Marion v. Heimbach, 62 Minn. 214, 64 N. W. 386.

Order affirmed.