M. N. WEBER v. BOARD OF COUNTY COMMISSIONERS OF RAMSEY COUNTY.[1]

November 18, 1904.

Nos. 14,106—(87).

**Evidence—Accord and Satisfaction.**

In an action to recover for a balance claimed by the plaintiff for fresco and stencil work on the halls of the courthouse and city hall in the city of St. Paul, *held:*

1. The undisputed evidence shows that the employment of the plaintiff to do the work was authorized by the joint committee having the care of the building.

2. A special finding of the jury to the legal effect that there had never been any accord and satisfaction of the plaintiff's claim is sustained by the evidence.

Action in the district court for Ramsey county to recover $72 and interest for labor and materials furnished at defendant's request. The case was tried before Jaggard, J., and a jury, which rendered a special verdict in favor of plaintiff in the form set forth in the opinion. A

[1] Reported in 101 N. W. 296.

motion for judgment notwithstanding the verdict or for a new trial was denied and judgment in favor of plaintiff for the sum demanded was thereupon entered, from which judgment defendant appealed. Affirmed.

*T. R. Kane,* County Attorney, and *O. H. O'Neill,* Assistant County Attorney, for appellant.

*C. D. & Thos. D. O'Brien,* for respondent.

START, C. J.

The plaintiff presented to the board of county commissioners of the county of Ramsey for allowance an account for a balance of $72 claimed to be due him for fresco and stencil work on the ceilings of the courthouse and city hall. The board disallowed the claim, and he appealed to the district court of the county of Ramsey, wherein formal pleadings were made. The complaint alleged that on April 10, 1901, at the request of the joint committee provided for by Sp. Laws 1889, p. 681, c. 64, § 6, he performed work and furnished materials in decorating the courthouse and city hall of the county of Ramsey and the city of St. Paul of the reasonable value of $294, one-half of which sum, or $147, the county promised to pay; and, further, that no part thereof has been paid except the sum of $75. The answer was, in legal effect, a denial of any request on the part of the committee for the doing of the work and furnishing of the materials alleged in the complaint, of any liability of the county therefor, and of the value thereof. As a further defense the answer alleged that $75 was paid by the county and was accepted by the plaintiff in full compromise, settlement, and payment of his claim and cause of action. This alleged accord and satisfaction was put in issue by the reply.

The trial court submitted to the jury two questions which were, with the answers thereto, as follows:

> 1. What was the reasonable value of the services rendered and materials furnished by plaintiff between March 18 and April 24, 1901? Ans. Two hundred and ninety-four and no/100 dollars.
>
> 2. Was the sum of $75, paid by the county of Ramsey, and received by the plaintiff, in full settlement and satisfaction of the claim herein involved? Ans. No.

93 M.—21

The defendant made a motion for judgment in its favor notwithstanding the special verdict, or for a new trial. The court denied the motion, and ordered judgment, which was entered, and from it the defendant appealed.

There was no general verdict in this case, nor was the question whether the work was done and materials furnished at the request or by the authority of the joint committee submitted to the jury. It follows that the special findings will not support the order for judgment, or the judgment, unless it appears from the undisputed evidence as a matter of law that the work and materials in question were authorized by the joint committee.

1. The principal question, then, on this appeal, is whether the undisputed evidence shows that the work and materials in question were authorized by the joint committee. If it does, then the failure to take a general verdict is harmless error. The joint committee has entire charge of the courthouse and city hall, and the expenses incurred by them in caring therefor are to be paid one-half by the county and one-half by the city. Such committee, on February 1, 1901, authorized the custodian of the building to have the work done. Its action in this respect was as follows:

> The custodian in a communication called the attention of the committee to the necessity of having the halls in the courthouse painted, and estimated the total expense of labor and material at $630. On motion of Committeeman Moriarity, the custodian was instructed to have this work done.

The custodian employed the plaintiff to do a part of the work. His bill therefor, amounting to $294, was presented to the joint committee, who denied liability therefor because the work was not authorized, but finally the bill was allowed at $150. This allowance the defendant claims was in settlement and compromise of the claim. We are of the opinion that it appears from the undisputed evidence that the committee authorized the doing of the work and furnishing of the materials. Because the work of painting the halls of the courthouse exceeded in value the estimate of the custodian does not affect the question of his authority to employ the plaintiff to assist in doing the work.

2. The only other alleged error urged is that the special finding of

the jury that the sum of $75 was not paid by the defendant and received by the plaintiff in full satisfaction of his claim is not sustained by the evidence. The plaintiff's claim was unliquidated, and, if the order for an amount less than his claim was tendered to him upon condition, express or implied, that, if accepted, it must be in satisfaction of his claim, his acceptance would constitute an accord and satisfaction. Hillestad v. Lee, 91 Minn. 335, 97 N. W. 1055. The evidence on this question is not conclusive in favor of the defendant, and it fairly sustains the finding of the jury.

Judgment affirmed.