## U. J. WRIGHT v. E. J. LYNCH.[1]

July 19, 1907.

Nos. 15,284—(206).

**Compromise and Settlement—Evidence.**

> Defendant executed and delivered to plaintiff a promissory note of $565 in settlement of a partnership accounting. In defense of this action upon the note, defendant claimed that there was a bona fide dispute as to the amount due upon the note, that the parties agreed upon a settlement and that defendant paid the amount so agreed upon. *Held*, the trial court was justified in ordering judgment for the plaintiff notwithstanding the verdict, upon the ground that the evidence did not sustain the defense.

Action in the district court for Fillmore county to recover upon a promissory note. The case was tried before Kingsley, J., and a jury which rendered a verdict in favor of defendant. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*H. S. Bassett* and *M. D. Halloran,* for appellant.

*Wells & Hopp,* for respondent.

LEWIS, J.

Action on promissory note of $565, dated April 25, 1892, due January 1, 1893, upon which it was alleged that $50 was paid February 28, 1898, and $50 February 17, 1899. The answer admitted execution of the note, denied having made any payments, alleged that the note was given in settlement of a partnership accounting and was for a larger amount than due from defendant, and that in 1906 the par-

[1] Reported in 112 N. W. 892.

ties entered into a new agreement by which plaintiff agreed to accept $250 in full payment of the note and in settlement of the partnership accounting then in dispute, and alleged that the $250 was paid in full settlement March 22, 1906. The trial resulted in a verdict for defendant, and the court ordered judgment for plaintiff for the amount due on the note notwithstanding the verdict.

According to the evidence the partnership business was conducted in this state, where both parties then resided; but after the dissolution defendant lived in Chicago, and only occasionally returned to this state. In February, 1906, the parties met at Chatfield, Minnesota, and, as testified to by defendant, the following conversation took place:

> Mr. Wright met me down to the depot at Chatfield, and we had a conversation about this note, and he at first agreed to throw off the interest if I would pay it. He agreed to take $500. I said: "No, John; I won't give it. I don't think I owe that much." I offered him $250, and never changed a particle from that upon the note. He finally agreed to take $300. He said: "All right, I will settle it." He said: "Give me a check." I says: "I can't give you a check, but will send you one when I get home. Maybe it will be two or three or four weeks, but I will send you a check." * * *
>
> Q. In this conversation was there anything said between you and Mr. Wright about these disputed matters? A. No; he just simply wanted a settlement. I agreed to give him so much, and he accepted it. Q. What did the settlement embrace? A. Our accounts in full. Q. You said you had a claim. What was said about all the matters you settled then? A. The whole deal was to be settled in full for $250. Q. Now, then, state the time, as near as you can, that you agreed to send him a check. A. Why, I told him I just couldn't tell, but I would send a check within three, or four, or five, or six weeks; but I would send it as soon as I possibly could. Q. Did he say he would accept it? A. Yes, sir. Q. What was said with reference to whether it would be a full settlement? A. It was a settlement in full.

This evidence is all the record contains on the subject, and it was not sufficient to support the claim that there was a bona fide dispute over the amount of the note. Plaintiff made no express admission of that character. Many years had passed since the note was executed, and defendant was a nonresident and apparently insolvent. Under the circumstances plaintiff's offer to accept $250 for the note did not imply that there was a dispute over the amount. It appears that on March 16 defendant sent his check for $250, with the request that the note be returned to him fully paid, to which, on March 22, plaintiff replied: "Yours of the 16th inst. at hand, with check for $250 enclosed. I will accept this as part payment, but not in full." According to the record, plaintiff did not cash the check, but produced it at the trial. This action was commenced March 12, 1906. Consequently the check was not mailed by defendant at Chicago until four days after suit had been instituted by plaintiff in Minnesota, attaching defendant's interest in property acquired upon his father's death.

The evidence does not support the claim that the check was accepted by plaintiff in full settlement of the note. The subject is treated in the following cases: Johnson v. Simmons, 76 Minn. 34, 78 N. W. 863; De Mars v. Musser-Sauntry L., L. & Mnfg. Co., 37 Minn. 418, 35 N. W. 1; Marion v. Heimbach, 62 Minn. 214, 64 N. W. 386; Hansen v. Gaar, Scott & Co., 63 Minn. 94, 65 N. W. 254; Ness v. Minnesota & Colo. Co., 87 Minn. 413, 92 N. W. 333; Hillstad v. Lee, 91 Minn. 335, 97 N. W. 1055; Byrnes v. Byrnes, 92 Minn. 73, 99 N. W. 426; Hoidale v. Wood, 93 Minn. 190, 100 N. W. 1100; Weber v. Board of Commrs. of Ramsey County, 93 Minn. 320, 101 N. W. 296.

Order affirmed.