Argued November 9, decided December 20, 1910.

## CRANE COMPANY *v.* ERIE HEATING CO.

[112 Pac. 430.]

MECHANICS' LIENS—MATERIALMAN'S LIEN—RIGHT TO LIEN.

Defendant heating company contracted by four separate contracts with defendant railroad company to furnish heating apparatus in a roundhouse, storehouse, office, oilhouse, and powerhouse, constituting four separate buildings, to be constructed by the railroad company; the contracts providing that the heating company should "furnish all of the labor and material required for the installation" of the various apparatus. Plaintiff furnished the heating company with material used in installing the improvements, including the power plant, which was installed to furnish power for machines in the roundhouse repair shop, hot water for the boiler washer and steam for the pipes in the roundhouse, and to transmit steam and water to the boiler washer, but the steam pipes connecting the boiler washer and those in the roundhouse and the boiler and hot-water tank in the powerhouse, as well as the connecting shaft, were put in by the railroad company and were not included in the heating company's contract, nor furnished by plaintiff. Plaintiff claimed a lien on all of the buildings erected for material furnished the heating company and used in the construction of the roundhouse, office, storehouse, oil-house and power plant, but did not identify the material as going into any particular building. Section 5640, B. & C. Comp., gives every person furnishing materials for use in the construction of any building, a lien thereon for materials furnished at the instance of the owner of the building, or his agent, and provides that every contractor, or person having charge of the construction of any building, shall be deemed the agent of the owner. *Held,* that since the lien given by the statute was upon each building for the material entering into its construction, unless the owner has treated several structures as one, plaintiff was not entitled to a lien on all of the buildings for the materials furnished, not having contracted with the railroad company and not having connected itself with either of the original contracts between that company and the heating company.

From Union: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit by Crane & Company, a private corporation, against the Erie Heating Co., a private corporation, the Oregon Railroad & Navigation Co., a corporation, Alfred J. Bingham and Joseph McClelland, partners as Bingham & McClelland, and Robert Wakefield, to foreclose a materialman's lien.

The defendant Oregon Railroad & Navigation Company is the owner of the real estate at La Grande, Ore-

gon, described in the complaint, occupied by it in connection with the operation of its railroad for side tracks, roundhouse, shops, and other buildings, that being the end of a division, and has constructed thereon the roundhouse, storehouse, office, oilhouse, and powerhouse mentioned in the complaint; and on August 23, 1906, entered into a contract with the defendant Erie Heating Company, by which the latter, for the consideration of $2,197, contracted "to furnish all of the labor and material required for the installation of the steam, air, and water lines in the 22-stall roundhouse," the contract containing specifications and other terms. On the same day it entered into another contract with the Erie Heating Company by which the latter, for the consideration of $9,332, agreed "to furnish all the material and all of the labor * * for the installation of one of our complete systems of hot-water heating for the 22-stall roundhouse * *; also the master mechanic's office, storeroom and oilhouse"— the contract containing the specifications and other terms. On the same day it entered into another contract with the Erie Heating Company, by which the latter, for the consideration of $10,623, agreed "to furnish all of the labor and material required in the installation complete of one of our automatic locomotive boiler washers to be installed in the 22-stall roundhouse"; the contract containing specifications and other terms. On the same day it entered into another contract with the Erie Heating Company by which the latter, for the consideration of $8,480, agreed "to furnish you the following machinery and to furnish the foundations and erect the machinery on their respective foundations in a building furnished by you * * (including) all of the pipes, valves, and fittings for the connecting up of the steam, air, and water lines in the powerhouse"; the machinery being named in the contract with the specifications and other terms, and constituting the power plant placed in the power house.

The complaint, subdivision 6, alleges, that on August 23, 1906, the "defendant the Oregon Railroad & Navigation Company entered into a contract with the defendant Erie Heating Company for the construction of a 22-stall roundhouse, master mechanic's office, storehouse or storeroom, oilhouse and power plant, to be constructed and built on the property above described; that thereafter, to-wit, on the 25th day of March, 1907, said Erie Heating Company entered into a contract with the plaintiff for certain material to be used in, and which was thereafter used in, the construction of said 22-stall roundhouse, master mechanic's office, storehouse or storeroom, oilhouse and power plant." And in the seventh subdivision of the complaint it is alleged, that plaintiff did furnish such material to the value of $1,435.10. In the eighth subdivision of the complaint the filing of the notice of lien is set out in detail, a copy of which is attached to the complaint as an exhibit, in which it is alleged, that the material was furnished to the Erie Heating Company, by plaintiff, "to be used and which was used in the construction of the 22-stall roundhouse, master mechanic's office, storehouse, or storeroom, oilhouse, and power plant, built and constructed in the city of La Grande, Union County, State of Oregon, for the Oregon Railroad & Navigation Company * *; that said Erie Heating Company was the original contractor and agent of the Oregon Railroad & Navigation Company," in the construction thereof, and sets forth other details not necessary to mention here.

The defendant Oregon Railroad & Navigation Company filed an answer in which it denies subdivisions 6, 7, and 8 of the complaint, except in that it admits that the notice of lien, set out as an exhibit, was prepared and filed as alleged, and sets up three affirmative defenses. To the first and second defenses demurrers were sustained, and the matters pleaded in the third are adjusted

by the stipulation of facts.   The only issue before us on the appeal arises upon the denials of subdivisions 6, 7, and 8 of the complaint.

The principal facts are stipulated, to the effect that the erections made by the Erie Heating Company for the Oregon Railroad & Navigation Company were done under the four separate contracts, above mentioned, in the buildings of the Oregon Railroad & Navigation Company; that the buildings were separate and distinct from each other; that plaintiff furnished to the Erie Heating Company material used in the installation of the improvements, as alleged by it, to the value of $1,357.47 and used by the Erie Heating Company in fulfilling the four contracts; that the power plant was installed for the purpose of furnishing power for the machines in the repair shop in the roundhouse; for furnishing the hot water for the boiler washer and the heat and steam for the pipes in the roundhouse, and to transmit steam and hot water to the boiler washer; but that these steam pipes connecting the boiler washer and the steam pipes in the roundhouse with the boilers and hot-water tank in the power house, and the connecting shaft, were put in by the Oregon Railroad & Navigation Company, and were not included in the contract of the Erie Heating Company, nor was any of the material furnished by plaintiffs used therein.   The trial court made findings of fact in accordance with the stipulation, and as a conclusion of law found that plaintiff has no lien upon the property of the Oregon Railroad & Navigation Company, and dismissed the suit.    Plaintiff appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Arthur C. Emmons* and *Mr. Charles H. Finn,* with an oral argument by *Mr. Finn.*

For respondents there was a brief over the names of *Mr. William W. Cotton, Messrs. Cochran & Cochran,* and

*Mr. James G. Wilson,* with oral arguments by *Mr. Charles E. Cochran* and *Mr. Arthur C. Spencer.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The controversy is whether the facts created a materialman's lien upon the buildings and property of the Oregon Railroad & Navigation Company.

For the purpose of aiding mechanics and laborers and materialmen in collecting their compensation for labor and material furnished in the construction of a building or other structure, the statute (Section 5640, B. & C. Comp.) has provided that every person performing labor or furnishing material to be used in the construction of any building or structure shall have a lien upon the same for labor or material furnished at the instance of the owner of the building or his agent.

"And every contractor * * or other person having charge of the construction * * of any building * * shall be held to be the agent of the owner for the purposes of this act."

Without such a statutory provision the building or the owner of it would not be liable for the debt except upon his contract, and to enable a lien claimant to establish his lien under this law he must connect himself by contract with the owner. This can only be done by showing that the work was performed for the owner, or for a contractor, whom the statute has made the agent of the owner; that is, he must bring himself within the original contract. If the contractor has one contract for the erection of several buildings for one price, even though the buildings are separate from each other, it has been held that he or his subcontractor may have one lien thereunder against all the buildings; but otherwise, where the construction of each building is the subject of a separate contract, neither he nor the subcontractor are entitled to include in one lien all the properties for labor

or material furnished for their construction and used in the buildings indiscriminately, for the reason that the lien, by the terms of the statute, is upon each building for the labor or material only entering into its construction, except in cases where the owner has treated several structures as one. We deem it unnecessary to enter into any extended discussion of this question, as it is settled in an opinion by Mr. Justice LORD in *Willamette Mills Co.* v. *Shea*, 24 Or. 40 (32 Pac. 759), and one by Mr. Justice WOLVERTON in *Beach* v. *Stamper*, 44 Or. 4 (74 Pac. 208: 102 Am. St. Rep. 597), where it is held that the original contract must form the basis for the lien on the whole. "All authority to bind the owner on account of the building or buildings to be constructed must emanate from the original contract, which becomes the foundation law for the government of all subcontracts, as they must be let under it and by virtue of the contractor's authority obtained through it." *Flanagan Bros.* v. *O'Connell,* 88 Mo. App. 1, and *Livermore* v. *Wright*, 33 Mo. 31, cited by plaintiff, are to the same effect. The *Premier Steel Co.* v. *McElwaine Richards Co.*, 144 Ind. 614 (43 N. E. 876); *Lindsay* v. *Gunning*, 59 Conn. 296 (22 Atl. 310: 11 L. R. A. 553); and *Press Brick Co.* v. *Brick & Quarry Co.*, 151 Mo. 510 (52 S. W. 401: 74 Am. St. Rep. 557), also cited by plaintiff, are not in point, as they relate to liens based on contracts made directly with the owner, and not through an original contractor.

Plaintiff's claim of lien is an attempt to hold a lien against the property of the Oregon Railroad & Navigation Company, with whom it has no contract, and it does not connect itself with the owner by or through the original contract.

The decisions of this court in the two cases above cited are decisive of this. The decree is affirmed.

AFFIRMED.