Submitted on briefs October 5, affirmed November 10, 1925.

## R. A. DAVIS AND H. SEARS *v.* A. BERTSCHINGER.

### (241 Pac. 53.)

**Mechanics' Liens—Evidence Held to Show Work by Subcontractor had Been Done in Workmanlike Manner.**

1.  In suit by subcontractor to foreclose mechanic's lien, evidence *held* to show that work contracted to be done by subcontractor had been done in a workmanlike manner.

**Mechanics' Liens—Right of Subcontractor to Lien not Defeated by Defects in Work Due to Use of Improper Material at Direction of Contractor.**

2.  The right of subcontractor to a lien will not be defeated because of defects in work due to the use of improper materials furnished by contractor, the use of which was directed by contractor.

**Mechanics' Liens—Effect of Misstatement in Claim of Lien, Stated.**

3.  If a lien claimant in filing claim of lien, under Section 10195, Or. L., puts on record a statement of his demands, which he knows, or could know by exercise of reasonable care, to be untrue, his right of lien is defeated, but, if he honestly makes a misstatement as to any item in good faith and without negligence or carelessness from which no prejudice results to owner affected thereby, lien will not be *held* void for that reason alone.

---

2.  Right of subcontractor or materialman to mechanic's lien for labor or material entered into work rejected as not in compliance with principal contract, see note in 16 A. L. R. 891.

3.  Effect of filing excessive mechanic's lien, see notes in Ann. Cas. 1914D, 878; 29 L. R. A. (N. S.) 305. See, also, 18 R. C. L. 941.

**Mechanics' Liens — Subcontractor not Relieved from Performance Because Amount for Which Work Contracted was Less Than Reasonably Worth.**

4. Subcontractor will not be relieved from performance of contract merely because amount for which work was contracted to be done was much less than it was reasonably worth.

**Mechanics' Liens—Evidence Held not to Show Intent, Carelessness, or Negligence on Part of Plaintiffs in Overstating Demand, or That Prejudice Resulted to Owner Therefrom.**

5. In suit to foreclose lien, evidence *held* not to show an intent, carelessness, or negligence on part of plaintiffs in overstating their demand, or that any prejudice resulted therefrom to the owner, where it clearly appeared at time of filing of lien that plaintiff subcontractors honestly and in good faith, but mistakenly believed they were entitled to lien for full amount of contract price without deductions for work voluntarily performed by main contractor, in addition to the value of extra work they were compelled to perform due to changes in plans.

**Mechanics' Liens — Subcontractor in Claiming Lien must Deduct from Contract Price Work Voluntarily Performed on His Behalf by Main Contractor.**

6. In suit by subcontractor to foreclose lien, *held* that in claiming lien subcontractor must deduct from contract price amount for labor which was voluntarily performed on his behalf by main contractor in relieving them of part of their contract.

Mechanics' Liens, 27 Cyc., p. 106, n. 47, p. 202, n. 4, p. 203, n. 5, 8, p. 417, n. 77, p. 419, n. 87 New.

From Multnomah: GEORGE ROSSMAN, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. J. N. Hart.*

For respondents there was a brief over the names of *Messrs. Lewis, Lewis & Finnegan.*

RAND, J.—The defendant, A. Bertschinger, hereinafter referred to as the owner, appeals from a decree foreclosing a mechanic's lien for labor performed by plaintiffs on a dwelling-house and lot

of which he is the owner. The transaction out of which the lien arose was as follows: Bertschinger entered into a written contract with the firm of Fancher-McLean Company whereby said firm contracted to furnish all material and labor and completely construct said dwelling-house according to certain plans and specifications for a fixed sum. Fancher-McLean Company, in turn, entered into a written contract with the plaintiff Davis whereby he undertook to perform the carpenter work of constructing said dwelling-house in accordance with said plans and specifications for the sum of $725, and they undertook to furnish all material for the construction of the building. Davis also, in express terms, undertook to do the work in a workmanlike and satisfactory manner and to commence work at once and proceed with all possible speed to its final completion and to employ sufficient labor to continuously carry on the work without interruption or delay on his part. Thereupon, Davis entered into an agreement with the plaintiff Sears whereby they mutually undertook to jointly perform the contract between Davis and Fancher-McLean Company, and pursuant thereto they jointly performed the labor for which the lien was claimed. They have been paid the sum of $600 only.

In the performance of the work plaintiffs were required, in addition to doing the work called for in the plans and specifications, to do other work and to make changes and modifications not included in said plans and specifications. While the said building was being constructed Fancher-McLean Company transferred and assigned their rights and interest under said contracts to the defendant Portland Construction Company, a corporation, and

said corporation assumed all of the obligations of its assignor thereunder. After plaintiffs had substantially but not completely performed the contract between Davis and Fancher-McLean Company, Fancher-McLean Company and Portland Construction Company each became insolvent and were unable to proceed further in the performance of said contracts, and plaintiffs were unable to obtain the remainder of the material necessary for the complete performance of their contract from the Portland Construction Company because of its said insolvency. Plaintiffs notified the owner of their inability to get the material to complete the Davis contract and offered to perform upon their part if he would furnish the required material. The owner failed to furnish such material, and thereupon Davis, in behalf of himself and Sears, filed a claim of lien upon said building together with the lot on which it was situate, claiming the right to a lien for the sum of $545 and stated his demand as follows: "Sept. 27, 1921. To labor performed upon said building and used in the construction thereof, $1,145. Credits and offsets, $600. Balance due, $545." The decree appealed from awards a lien to plaintiffs upon said building and lot for the sum of $209.50, costs and attorney's fees.

Among other things, the answer of the defendant sets forth the contract between Davis and Fancher-McLean Company and avers that plaintiffs, before the complete performance thereof, abandoned the contract and failed to completely perform the same; that plaintiffs failed to do the work in a workmanlike manner and failed to do the work with reasonable dispatch as required by the terms of their contract, and that by reason thereof the owner sus-

tained damage in excess of the amount for which the lien was claimed. The evidence discloses that plaintiffs, at the time they ceased work on said building, had substantially but not completely performed the Davis contract; that some of the hardware provided for in the plans and specifications had not been affixed or attached to parts of the building, and that the same had not been furnished to plaintiffs; that they gave notice thereof to the owner of the building and requested him to furnish the same so that they could complete said contract and offered to perform if the same was furnished, but that the owner failed to furnish the same, and that for that reason alone plaintiffs discontinued work on the building after their work had been almost completely performed.

It also appears from the evidence that the Davis contract was made on May 6, 1921, and that the last work performed under it was on August 15, 1921; that Davis worked on the building 96 days, Sears 89 days, and that they hired a helper for 14 days and a shingler for 6 days; that the Portland Construction Company, at its own expense but without any cost or expense to the owner, employed other carpenters to assist plaintiffs in doing the work and paid for such labor the sum of $229.25. There is no evidence that any other part of the work of erecting the building was delayed by any failure of plaintiffs to keep the carpenter work sufficiently advanced to permit other work to be done. Under the Davis contract plaintiffs could only proceed as the material to be used was furnished, and there is no proof of any damage to the owner caused by any unnecessary or unreasonable delay of plaintiffs in doing the work contracted for.

1, 2. The contention that the work was not done in a workmanlike manner stands upon no better foundation, so far as can be gathered from anything contained in the record. In respect to the manner in which the work was performed, plaintiffs offered the testimony of many witnesses who testified that the carpenter work upon the building had been done in a good and workmanlike manner. Among these witnesses who so testified was a well-known architect who seems to have been entirely disinterested. He testified that he made an examination of the building, and found that the carpenter work in the building had been done in a good and workmanlike manner. There was much other evidence of the same import offered by the plaintiffs. There was, however, some evidence tending to show that some of the material furnished by the contractor and used by plaintiffs in the performance of the work did not conform to the requirements of the plans and specifications. In one instance, 2x8 timbers were used where 2x10 timbers were called for in the specifications. Because of this there is a slight sag or settlement in one part of the house.

There was also some evidence tending to show that because of defective plans and specifications some other slight defects existed, but as to both of these matters, plaintiffs had no control over them and were not responsible for the defects caused thereby. "The right of a subcontractor to a lien will not be defeated by defects in the work arising from the architecture." 27 Cyc., p. 106, Point 47. The material used by plaintiffs was the material which the contractors had furnished and which, under their contract, plaintiffs were required to use. In

fact, they could use none other, for the evidence shows that plaintiffs objected to using the 2x8's and were directed by the contractor to use the same.

3. One of the defenses urged is that the lien is invalid because it does not contain "a true statement of plaintiffs' demand after deducting all just credits and offsets" as required by Section 10195, Or. L. This provision has been considered by this court in numerous cases, all of which hold that where a lien claimant, in filing his claim of lien, puts on record a statement of his demand which he knows, or by the exercise of reasonable diligence would know, to be untrue, his right to a lien is lost. But, if he honestly makes a misstatement as to any item of his account in good faith and without negligence or carelessness upon his part and no prejudice results to the owner of the property affected thereby, the courts will not, for that reason alone, hold the lien to be void: *Nicolai Bros. Co.* v. *Van Fridagh,* 23 Or. 149 (31 Pac. 288); *Rowland* v. *Harmon,* 24 Or. 529 (34 Pac. 357); *Cooper Mfg. Co.* v. *Delahunt,* 36 Or. 402 (60 Pac. 1); *Lewis* v. *Beeman,* 46 Or. 311 (80 Pac. 417); *Equitable Savings & Loan Assn.* v. *Hewitt,* 55 Or. 329 (106 Pac. 447); *Hume* v. *Seattle Dock Co.,* 68 Or. 477, 486 (137 Pac. 752, 50 L. R. A. (N. S.) 153); *Bartels* v. *McCullough,* 102 Or. 68, 70 (201 Pac. 733).

4, 5. Applying these principles to the facts of this case, we find no evidence of any intention upon the part of plaintiffs to overstate their demand, or any carelessness or negligence upon their part in the statement thereof, or any prejudice that has resulted to the owner therefrom. The evidence clearly discloses that the lump sum for which Davis con-

tracted to do the work according to the plans and specifications was much less than the work was reasonably worth. This fact, however, does not in any way relieve plaintiffs from the necessity of performing the contract according to its terms. Davis made the contract and plaintiffs are bound by it.

It also clearly appears from the evidence that at the request of the owner many changes and modifications of the work were made, and that a far greater amount for carpenter work was required by such changes and modifications.

It also appears from the evidence that plaintiffs were relieved from the performance of a part of the work contracted for by the Portland Construction Company which had assumed the obligations of the original contractor. That company employed other carpenters to assist plaintiffs in the performance of the work which they had contracted to do and paid out for the labor thus furnished the sum of $229.25, under an agreement which is clearly established by the evidence and not contradicted by anyone that the Portland Construction Company and not plaintiff should bear this additional expense. Whether, in entering into this arrangement, it was the intention of the parties to merely modify the original Davis contract or to do away with it entirely does not appear from anything contained in the record. While it is not usual for a contractor to relieve a subcontractor from an onerous contract, or at its own expense, to perform labor which the subcontractor has undertaken to perform without charging the subcontractor therefor, yet it clearly appears that such was done in this case. This fact is testified to positively by both plaintiffs and by A. R. McLean, who was a partner

in the firm of Fancher-McLean Company and an officer in the Portland Construction Company. Mr. McLean testified that while plaintiffs were both engaged in doing the carpenter work on said building, because of the owner's objection to the time being consumed in the construction of the dwelling-house, the Portland Construction Company, under an agreement with plaintiffs that it alone would bear the expense, employed carpenters to assist plaintiffs in the performance of the carpenter work and paid out therefor the sum of $229.25. Under this testimony, and it is not contradicted by anyone, the Portland Construction Company voluntarily assumed a part of the burden of plaintiffs' performance of the contract and it resulted in no loss or damage to the owner of the property.

After a careful consideration of the evidence we are of the opinion that at the time the claim of lien was filed Davis honestly and in good faith, but mistakenly, believed that he was entitled to a lien for the full amount of the contract price without any deduction for the labor voluntarily performed by the Portland Construction Company in addition to $420, the reasonable value of the extra work that plaintiffs were compelled to perform by reason of the changes that were made in the original plans.

6. That the plaintiffs were bound by the original Davis contract to perform all of the work called for under the contract for $725 is clear, and that they are entitled to $420 in addition thereto for the extra work, is established by the evidence. But, since plaintiffs did not perform all of the work called for by the contract, they cannot equitably claim a lien without first deducting from the contract price

the sum of $229.25, the amount of the work voluntarily performed by the Portland Construction Company. Hence, while we hold that plaintiffs are not entitled to the full contract price for work done by them under the contract nor to the reasonable value of what they did under the contract, and that they must deduct from the contract price the $229.25 paid for labor by the Portland Construction Company, nevertheless the statement in the lien of their demand was not an intentional or careless misstatement of the amount.

It appears from the record that at the request of both plaintiffs and defendant the trial judge examined the dwelling-house, and, after such examination and a consideration of the evidence, awarded decree to plaintiffs for but $209.50. This shows that the trial court deducted from the $1,145, for which the lien was claimed, more than the amount paid by the Portland Construction Company for labor, and since the decree was for no greater amount than plaintiffs were entitled to recover, it should be and is affirmed.    AFFIRMED.