Submitted on briefs March 15, reversed April 6, 1926.

# WARRENTON LUMBER COMPANY v. J. H. SMITH ET AL.

### (245 Pac. 313.)

**Mechanics' Liens—Reference in Notice of Lien to Labor Performed Held Mere Notice of Surplusage and Lien not Invalidated as Including Nonlienable Item.**

1. Reference to materialman's notice of lien to "labor performed" *held* mere surplusage, where statement made part thereof and testimony showed that claim was entirely for lumber sold and delivered, and lien was not invalidated as including nonlienable item.

**Mechanics' Liens—Materialman's Lien, Claiming Lien on Building, Erections and Superstructures on Land, Held to Include Store Building and Sidewalk, Lumber for Which is Lienable Item (§§ 10191, 10195, Or. L.).**

2. Under Sections 10191, 10195, Or. L., materialman's lien, claiming lien on building, erections and superstructures, and also on the land, *held* to include both store building and sidewalk, and lumber for sidewalk, under Section 10191 was a lienable item.

**Mechanics' Liens—Mingling Lienable and Nonlienable Items in Mechanic's Lien in Lump Sum is Failure to Comply With Statute, Invalidating Lien.**

3. Where mechanic's lien is in lump sum, and lienable and nonlienable items are mingled in claim, there is a failure to comply with statute, and lien is invalid.

**Mechanics' Liens—Setting Out Items so That Items Appear on Face of Claim to be Severable Operates to Sustain Lien as to Lienable Items and Reject It as to Nonlienable.**

4. Setting out, in claim of mechanic's lien, items making up amount of demand, so that items appear on face of claim to be severable, operates to sustain lien as to lienable items and reject those that are nonlienable.

**Mechanics' Liens—Diverting Small Amount of Lumber Sold for Construction of Store Building, and Using It in Walks Attached to Building, Described in Lien Notice as Erections and Superstructures, Does not Vitiate Lien (Laws 1917, p. 274).**

5. Diverting small amount of lumber sold for construction of store building, and using it in construction of walks attached to building, described in lien notice as erections and superstructures, does not vitiate the lien, since passage of Laws of 1917, page 274.

---

3. See 18 R. C. L. 942.

Pleading.

6.   Variance, not affecting gist of suit as alleged, is immaterial, and material variance cannot be predicated on immaterial or superfluous allegations.

Mechanics' Liens.

7.   Substantial compliance with Section 10195, Or. L., is all that is required in describing property in materialman's lien notice.

Mechanics' Liens.

8.   Under Section 10191, Or. L., materialman furnishing material for several houses under one contract has lien in gross, and need file only one notice.

Accord and Satisfaction.

9.   "Accord and satisfaction" is substitution of another agreement in satisfaction of former and execution of latter one.

Accord and Satisfaction.

10.   Creditor is not bound by agreement to accept small sum in lieu of liquidated ascertained debt of larger amount, unless supported by new and additional advantage.

Accord and Satisfaction—Payment of Amount Mistakenly Stated in Bill Sent Held not Accord and Satisfaction Where Creditor Informed Debtor That It Would not be Accepted in Full Satisfaction.

11.   Where bill for lumber sent by creditor's clerk was erroneous as to amount, later payment of such amount is not an accord and satisfaction.

Accord and Satisfaction, 1 C. J., p. 523, n. 1, p. 527, n. 62, 64, p. 528, n. 65, 66, p. 539, n. 74.
Mechanics' Liens, 27 Cyc., p. 21, n. 27, p. 48, n. 75, New, p. 128, n. 97, p. 152, n. 53, p. 157, n. 87, p. 171, n. 74, p. 185, n. 74, p. 203, n. 8, p. 204, n. 10, 11, 12, p. 405, n. 98, p. 464, n. 68.
Pleading, 31 Cyc. p. 702, n. 34.

From Clatsop: J. A. EAKIN, Judge.

In Banc.

This is a suit to foreclose a materialman's lien on real property for a balance of $290.85 and some interest.   The amount is claimed on a written contract for lumber sold and delivered for the purpose of constructing a store building and warehouse on certain

6.   See 21 R. C. L. 611.
9.   See 1 R. C. L. 177.

lots. A decree was rendered in favor of defendants, dismissing the suit. Plaintiff appeals.

The complaint is in the usual form. The defendant, Western Loan and Building Company, answered and denied the allegations of the complaint. The defendants, J. H. Smith and· Oma Smith, filed a general denial and by a separate affirmative defense pleaded that plaintiff agreed to furnish said lumber for the agreed price of $3,720.45, and that defendant paid plaintiffs the sum of $3,765.47, thereby satisfying said claim in full; as a second affirmative defense, defendants pleaded that they paid the plaintiff $226.69 in full satisfaction of the balance of its claim. Plaintiff replied, putting in issue the new matters of the answer, except that it admitted the receipt of $226.69 and alleged that it did not receive the same in full satisfaction of plaintiff's account, and so notified defendants Smith, and thereafter gave such defendants credit for the same.

REVERSED.

For appellants there was a brief over the name of *Messrs. G. C.* and *A. C. Fulton.*

For respondents J. H. Smith and Oma Smith there was a brief over the name of *Messrs. Norblad & Hesse.*

For respondent Western Loan and Building Company there was a brief over the name of *Mr. Frank L. Grant.*

BEAN, J.—The testimony clearly shows that the plaintiff furnished to defendants Smith all of the lumber for which it claims payment and at the time the lumber was hauled from plaintiff's mill, or soon

thereafter, the plaintiff delivered or mailed to said defendants an invoice or bill of each lot of lumber. The lumber was furnished pursuant to a contract, specifying the prices therefor, which prices, as agreed, were charged by the plaintiff to defendants. A rough estimate of the cost of the lumber, at the time the contract was made, amounted to $3,720.45. Afterward some changes were made in the building and a warehouse was added thereto. The dimensions of the lumber were changed so that the total amount of lumber furnished to plaintiff for defendants, for the structure, amounted to the sum claimed by plaintiff.

At the time of making settlement and an attempt to collect the amount, the defendant J. H. Smith had all of the invoices of the lumber which corresponded with plaintiff's account. This is practically admitted by these defendants, but it appears that a clerk of plaintiff sent the defendants a statement, which erroneously stated a less amount. The defendants, J. H. Smith and Oma Smith, whom we will term the defendants, demand a settlement upon the payment of the amount erroneously stated.

As a proposition of law, the defendants urged that the lien was void because it purported to be for materials and labor not segregated in the lien, and that labor is a nonlienable item: Citing *Dalles Lbr. & Mfg. Co.* v. *Wasco Woolen Mfg. Co.*, 3 Or. 527.

The complaint alleges, among other things—

" * * that between January 22, 1923 and June 23, 1923, at the special instance and request of such defendants, the plaintiff herein furnished, sold and delivered to such defendants a large amount of lumber and building material, to be used and which were actually used, and employed in the construction and erection of said wooden buildings and sidewalks upon said lands, lots and premises, for which said

defendants promised and agreed to pay plaintiff the sum of $4,496.05; and claims a balance unpaid of the $290.85,'' and further, "that said lumber and building material were sold and delivered to such defendants for the sole purpose of being used in the construction and erection of said buildings * * ''

The lien notice, which was filed and recorded in due time, recites in part, in effect, that the Warrenton Lumber Company, hereinafter called "the claimant," hereby claims a mechanic's lien upon that certain building or improvement known as the "Corner Store," and the land upon which the same. is located in the county of Clatsop, State of Oregon, and described as lots 15 and 16, block 8, Warrenton Addition to Astoria. The lien notice recites:

"It is the intention of the claimant to hold a lien upon the building hereinbefore described, for the amount of said claim, and not only upon said building, 'erections and superstructures,' but also upon the land upon which the same are constructed, together with a convenient space about the same or so much as may be required for the convenient use and occupation thereof, to be determined by the judgment of the court at the time of the foreclosure of this lien."

The lien hereby claimed is for "materials furnished and delivered at said premises to be used, and which were used, in the construction, alteration and repair of said building, and for labor performed upon said building at the instance and request of J. H. Smith." The amount claimed in the notice as "per attached statement" is $584.16. Then follows an itemized statement or bill of the lumber, consisting of two pages, giving the number of each invoice and the amount. thereof, according to the

prices agreed upon, together with the credits, making the balance as stated.

1. There is no claim for labor in plaintiff's statement which is made part of the notice of lien, and no claim for labor made in the testimony in the case. A fair construction of the notice of lien, when examining the whole notice, shows there was no claim made of any amount for labor. Of course, it would be impossible to segregate materials and labor in the case, for the reason that there was no item for labor to be segregated. The phrase contained in the notice of lien "for labor performed" is mere surplusage. The defendants could not possibly be injured thereby. Plaintiff shows by its testimony that its claim was entirely for lumber sold and delivered to defendants, and produced the original invoices showing such deliveries, quantities and prices. In this respect plaintiff's lien must be upheld.

Defendants also contend that the lien included lumber for sidewalks, a nonlienable item, which could not be segregated from other items upon inspection of the notice of lien. A reference to the lien, of which we have quoted a part, shows that the claimant claimed a lien upon "said building erections and superstructures" and also upon the land.

It is shown by the evidence that a walk was constructed around the store building and upon the lots. It is not, strictly speaking, a sidewalk, as we understand the record; however, lumber for sidewalks is a lienable item. Section 10191, Or. L., provides in part as follows:

"Every mechanic, artisan, machinist, building contractor, lumber merchant, laborer, teamster, drayman and other persons performing labor upon or funishing material, or transporting or hauling any

material of any kind to be used in the construction, alteration or repair, either in whole or in part of any building, * * fence, sidewalk, machinery or aqueduct, or any structure or superstructure * * shall have a lien upon the same for the work or labor done or transportation or material furnished at the instance of the owner of the building or other improvement, or his agent."

Section 10195, Or. L., provides, in substance, that one claiming such a lien shall within the time mentioned—

" * * file with the county clerk of the county in which such building or other improvement, or some part thereof, shall be situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with said lien, sufficient for identification, which claim shall be verified by the oath of himself or of some other person having knowledge of the facts."

2. A reasonable construction of the statute and the lien compels the conclusion that the property to be charged with such lien is sufficiently described for identification in the notice of lien, so as to include both the store building and the sidewalk. As we read the record, although it is not perfectly clear, the walk was attached to the store building, forming a part thereof: *McCormack* v. *Bertschinger,* 115 Or. 250 (237 Pac. 363); *Davis* v. *Bertschinger,* 116 Or. 127 (241 Pac. 53).

3, 4. The opinion in the case of *Stewart* v. *Spalding,* 71 Or. 310, 326 (141 Pac. 1127), and the precedents there cited, are authority for the statement that, where a mechanic's lien is in a lump sum, and

lienable and nonlienable items are mingled in the claim, there is a failure to comply with the statute, and the supposed lien is invalid. If, however, the lien claimant sets out in his claim of lien, the items making up the amount of his demand in such a manner that the items appear on the face of his claim to be severable, and some of the items are lienable and some are not, the lien may be sustained as to the lienable items and rejected as to those that are nonlienable. This is a settled rule in this state.

Also in the federal case of *Pioneer Min. Co.* v. *Delamotte,* 185 Fed. 752, at page 755 (108 C. C. A. 90, 93), the Circuit Court of Appeals for this district held:

"Mechanics' lien statutes are to be liberally construed, with a view to effect substantial justice, and the fact that the lien claimant includes in his claim an item of his services for which the law gives him no lien will not defeat the lien, if due to an honest mistake, and his lien in such case may be enforced *pro tanto* if the true amount for which he is entitled to a lien may be segregated from the remainder."

In the cases where liens are held invalid on account of asserting a claim for lienable and nonlienable items not segregated, the nonlienable items were actually furnished and used in the construction or alteration of the structure upon which the lien is asserted. And it is the fact that it is included and cannot be eliminated that renders the lien invalid. But where there is not any nonlienable item actually included in the lien, according to the rule, there is no ground to hold the lien void.

5. In the present case the items of the lumber are specifically set forth in the lien. The fact that a small amount of lumber which appears to have

been sold for the construction of store buildings was diverted and used in the construction of walks attached to the building, which walks were described in the lien notice as "erections and superstructures" would not vitiate the lien.

*Harrisburg Lbr. Co.* v. *Washburn,* 29 Or. 150 (44 Pac. 390), the case which defendants rely upon, was passed upon prior to the time that the word "sidewalks" was written into the statute, which word did not appear there until 1917 (1917 O. S. L., Chap. 196). The sidewalks were constructed "around the lots." In this case, they were built around the buildings upon the lots, and not around the lots. Such decision decides that since said sidewalks formed no part of the building (church), no claim could be attached to the church for materials used in the sidewalks. Such sidewalks, undoubtedly, were built on the street. Hence, we do not deem that case a parallel case.

6. The walks being on a part of the lots they naturally would go with the building. They were practically a part of the "building or improvement known as the 'Corner Store'" mentioned in the lien. It is not questioned but that the warehouse is a part of the store building. One walk extends from the front back to the warehouse. There was no material or fatal variance between the allegations of the complaint and the proof. A variance which does not affect the gist of the suit as alleged is immaterial. A material variance cannot be predicated upon immaterial or superfluous allegations: 31 Cyc. 702 (par. 2).

7. A true statement of the claimant's demand, after deducting all just credits and offsets, is contained in the lien. The description of the property to be charged with the lien is amply sufficient for

identification. ˝ The rights of everyone interested are protected. There was a substantial compliance with Section 10195, Or. L., which is all that is required in such a matter: *Davis* v. *Bertschinger, supra; Pioneer Min. Co.* v. *Delamotte*, 185 Fed. 752, 755 (108 C. C. A. 90).

8. A materialman who furnishes material for several disconnected houses built under one entire contract has a lien in gross against all of the houses and need file but one notice including all: *Willamette Mills Co.* v. *Shea*, 24 Or. 40 (32 Pac. 759); *Beach* v. *Stamper*, 44 Or. 4, 6 (74 Pac. 208, 102 Am. St. Rep. 597); *Crane Co.* v. *Erie Heating Co.*, 57 Or. 410, 414 (112 Pac. 430); Section 10191, Or. L.

9, 10. The defendants urge that there was an accord and satisfaction of plaintiff's claim and that the same was satisfied by the acceptance of the sum of $226.69. An accord and satisfaction means the substitution of another agreement in satisfaction of the former one, and an execution of the latter agreement; and the creditor is not bound by an agreement to accept a small sum in lieu of a liquidated ascertained debt of a larger amount, unless it is supported by some new and additional advantage to the creditor: 1 Words & Phrases, p. 83; *Bergman Prod. Co.* v. *Brown* (Tex. Civ. App.), 156 S. W. 1102, note; *Greenlee* v. *Mosnat*, 116 Iowa, 535 (90 N. W. 338); *Johnson* v. *Simmons*, 76 Minn. 34 (78 N. W. 863).

11. The record shows that there was no agreement between the plaintiff and the Smiths that the plaintiff would accept the $226.69 in satisfaction of plaintiff's claim. On the other hand, plaintiff insisted on the payment of the claim in full before the check for the latter amount was received, and after the receipt of the check wrote to defendant to

the effect that the check would not be received in satisfaction of the claim. Some time afterward the plaintiff tendered the amount with interest to the defendants. The defendants could not force the plaintiff to accept the $226.69 in satisfaction of its claim. There must be an agreement, express or implied or an act to that effect which the record does not disclose.

The defendant agreed with plaintiff to check the quantity of lumber with loading lists and immediately notify plaintiff of any error. Defendants had a copy of the bills delivered at the time and later they received a copy of the loading list, with the prices charged, through the mail. Several months after the lumber was delivered one of the Smiths told plaintiff that "money was a little bit tight" but indicated that they would pay the bill.

All of the prices charged by plaintiff were in accordance with the original contract.

It appears from the record that seventy-five dollars is a reasonable amount as plaintiff's attorney's fees in this suit. The equities are with the plaintiff.

The decree of the lower court will be reversed and one entered foreclosing defendant's lien including seventy-five dollars attorney's fees, as prayed for in plaintiff's complaint.

REVERSED AND DECREE ENTERED.