Argued October 5, affirmed October 25, 1927.

# A. VALDER v. MIA HEALY BERG AND C. A. DUNBAR.

(260 Pac. 240).

**Contracts—Subcontractor, Failing to Make Rooms in Size Required by Contract, Held not Entitled to Charge for Alterations in Enlarging Rooms.**

1. In subcontractor's suit to establish and foreclose mechanic's lien, subcontractor was not entitled to make charge for alterations in enlarging rooms required by contractor, where evidence showed that subcontractor failed to build rooms in size required by contract.

**Contracts—Subcontractor, Agreeing to Build Room 9x12, Held not Excused from Performing Contract by Proof That Work not Contemplated was Necessary to Make Rooms of Such Size.**

2. Where subcontractor contracted to build rooms at least 9x12 feet, proof that it would be necessary to do work not contemplated when contract was signed in order to build rooms of such size did not excuse subcontractor from performance of his undertaking.

**Evidence—Parol Testimony Showing Work not Originally Contemplated Would be Necessary to Build Rooms in Size Required by Contract Held Inadmissible.**

3. In suit by subcontractor to establish mechanic's lien, testimony that, to build rooms 9x12 in size as required in contract, it would be necessary to do work not contemplated when contract was signed, was inadmissible, under parol evidence rule.

**Mechanics' Liens—Improper Inclusion of Nonlienable Item in Lien Notice Without Segregating Nonlienable Item Defeats Recovery on Lien.**

4. When lien notice by building subcontractor includes item for which no lien is obtainable, and nonlienable item is not segregated in lien notice from lienable items, improper inclusion defeats recovery.

---

Evidence, 22 C. J., p. 1108, n. 23.
Mechanics' Liens, 40 C. J., p. 247, n. 94.

From Multnomah: J. M. BATCHELDER, Judge.

Department 1.

---

3. See 10 R. C. L. 1016 et seq.
4. Effect of filing mechanic's lien for more than is due or of including nonlienable items, see notes in Ann. Cas. 1914D, 878; 29 L. R. A. (N. S.) 306. See, also, 18 R. C. L. 942.

This is a suit to establish and foreclose a mechanic's lien. The defendant, Mrs. Berg, is the owner of the property; .the defendant Dunbar was the contractor in chief; the plaintiff was a subcontractor. His subcontract, among other things, required him

"To build a sleeping porch on the N. E. corner of the house and another bed-room on the S. E. corner of the house. These rooms to be on the second floor. Each room to be at least 9x12 feet and more if possible."

The lien notice and the complaint aver that all work done and material supplied, for which plaintiff seeks recovery, were furnished upon the order of the defendant Dunbar and that the reasonable value of the labor was $565.60 and of the material $266.71. Upon the trial, the plaintiff introduced in evidence his contract with Dunbar and relied upon it for the recovery of the contract price, to wit: $600. He offered evidence that at the request of Mrs. Berg he performed extra labor and supplied extra material to the amount of $241.34. The answer put in issue the validity of his lien, the character of his workmanship, the extent of the services performed by him and the reasonable value of the labor and materials alleged in the complaint. The lower court found

"That after the plaintiff had partially erected the studding and side walls of the addition, it was found the rooms would be smaller than the contract called for; that he then tore down and removed the walls out of the plate line of the house, making the rooms larger, but they were then smaller than the contract called for; that in making this change which should have been unnecessary there is included in his claim

of lien, six items, aggregating $160.27, of date on or about October 1, 1922; that said items of $160.27, are not legitimate charges, and are not lienable items.

"That these said non-lienable items are not segregated from the lienable ones in plaintiff's claim of lien, but are commingled in said claim, with those lienable, in a lump sum."

The decree was for the defendants. Plaintiff appealed.                                              AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Allan R. Joy.*

For respondents there was a brief over the name of *Messrs. Flegel, Reynolds, Flegel & Smith,* with an oral argument by *Mr. John W. Reynolds.*

ROSSMAN, J.—1-3. When the plaintiff entered into his contract obligation, he undertook to construct two rooms, "each room to be at least 9x12 feet and more if possible." When he went about the performance of this undertaking, he cut his materials, set his studding and placed his rafters for rooms considerably smaller than the foregoing dimensions. When this came to Dunbar's attention, he directed the plaintiff to alter his work so as to make the rooms larger; but even now both rooms are less than 9x12 feet. For these alterations plaintiff seeks $160.27, and included this charge in his mechanic's lien notice without segregation from the other charges. Labor appears in the bulk sum of $565.60 and material in the bulk sum of $266.71. We have carefully read and considered all the testimony; we find nothing in it which would excuse the plaintiff from his undertaking. Very likely he undertook this work for too

small a consideration; that, however, cannot affect us. In the trial, he sought to prove that to build the rooms 9x12 in size, it would be necessary to do some work that was not contemplated when the contract was signed. This fails to excuse him from the performance of his undertaking: Paige on Contracts, § 1460. The parol evidence rule renders inadmissible this testimony: Section 713, Or. L.; Wigmore on Evidence, § 2425. A careful reading of the testimony discloses that in this respect the plaintiff did nothing that was not contemplated when he entered into the contract. It follows from the foregoing that the plaintiff was not entitled to make the charge of $160.27. This was an item of considerable proportions as compared with the total of $823.81.

4. Beginning with *Dalles L. & M. Co.* v. *Wasco W. M. Co.*, 3 Or. 527, we have consistently adhered to the rule that when the lien notice includes an item for which no lien is obtainable, and the nonlienable item is not segregated in the lien notice from the lienable items, the improper inclusion defeats recovery. The Oregon cases are collected in *Christmas* v. *Salway*, 103 Or. 666, 672 (205 Pac. 541); a further collection, together with citations at large, is found in 40 C. J. 246. See, also, Jones on Liens (3 ed.), § 1419.

It follows from the foregoing that the decision of the lower court must be affirmed.          AFFIRMED.

RAND, C. J., concurs in the result.

McBRIDE and COSHOW, JJ., concur.