Argued February 3, affirmed March 1, 1967

WARNER, *Respondent, v.* FORDHAM et al, *Appellants.*

424 P. 2d 673

*Robert P. Dickinson,* Portland, argued the cause for appellants. With him on the briefs were Latourette, Latourette & Dickinson, Portland.

*Robert J. McCrea,* Eugene, argued the cause for respondent. On the brief were Venn, Mulder, Morrow & McCrea, Eugene.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell and Goodwin, Justices.

O'CONNELL, J.

This is a suit to foreclose a mechanics lien. Defendants appeal from a decree in favor of plaintiff.

Plaintiff furnished labor in the construction of four

houses, one on each of four lots numbered 7, 8, 9 and 11. Lot 10 separated lots 9 and 11. The lien shows that the original amount due was $5,179.50, from which is deducted $1,750 designated as a cash payment, leaving a balance of $3,429.50.

Plaintiff's amended complaint alleges that plaintiff was originally entitled to $5,179.50; that $1,750 was paid of which $1,250 was credited against Lot 11 as full payment of the contract price allocated to the construction of the house on that lot; and that the balance of $3,429.50 was still due.

The trial court held that the payment of the amount due for work performed on Lot 11 permitted plaintiff to reform his lien so as to limit it to Lots 7, 8 and 9. Defendant contends that this has the effect of combining a nonlienable item with a lienable item, which renders the entire lien claim invalid.[1]

It is not necessary for us to concern ourselves with this contention because we hold that the lien is valid as to all of the lots, including Lot 11. The evidence establishes that the labor furnished in constructing the houses on the four lots was done in the performance of a single contract.

We have held that "where labor and materials are furnished in the erection of several buildings upon contiguous lots, under an entire contract with the owner, the lien attaches to the buildings for all the material and labor furnished." *Willamette Mills v. Shea*, 24 Or 40, 48-49, 32 P 759, 761 (1893).[2] If the lien attaches to separate but contiguous lots, we can

[1] See Phillips v. Graves, 139 Or 336, 9 P2d 490, 83 ALR 1 (1932); Valder v. Berg, 122 Or 661, 260 P 240 (1927); Johnson v. Alm, 121 Or 285, 254 P 803 (1927); James A. C. Tait & Co. v. Stryker, 117 Or 338, 243 P 104 (1926).

[2] See also Dimitre Electric Co. v. Paget, 175 Or 72, 75, 151 P2d 630 (1944); Crane Co. v. Erie Heating Co., 57 Or 410, 414, 112 P 430 (1910).

see no reason why the lien should not also attach to a noncontiguous lot the improvement of which is embraced in a single contract with the other lots described in the claim.[2]

The mechanics lien statutes (ORS 87.005–87.075) contain nothing which touches upon this question. ORS 87.015 extends the lien "to such space as may be required for the convenient use and occupation" of the improvement, which does of course contemplate that the land required for the use of the improvement is to be contiguous to it. But nothing is said as to the need for contiguity between two parcels of property upon which improvements are made under a single contract.

The legislature has seen fit to permit the filing of a single lien on noncontiguous parcels in the case of mining claims.[4] This indicates that the legislature has seen no fundamental objection to the allowance of a single lien for several claims on noncontiguous property. And we have been unable to conceive of any valid purpose which would be served by a rule prohibiting a lien claim against noncontiguous property under circumstances such as those presented in the case at bar.[5]

The decree of the trial court is affirmed.

---

[2] See Warrenton Lumber Co. v. Smith, 117 Or 530, 245 P 313 (1926) which upholds a single lien for material furnished on several houses without any mention of contiguity.

[4] ORS 87.145. See Jackson v. Brown, 116 Or 343, 241 P 59 (1925).

[5] There seems to be a split of authority as to whether contiguity is required in order to enforce a single lien. Some of the cases have been collected in Annotation, 10 ALR 1026, 1031-37, and Annotation, 75 ALR 1328, 1330-32. Two later cases favoring a single lien even without contiguity are Richards v. William Beach Hardware Co., 242 Ala 535, 7 So2d 492, 497 (1942) and Caird Engineering Works v. Seven-Up Gold Mining Co., 111 Mont 471, 111 P2d 267, 276 (1940). In none of the cases, however, is any reasoning developed as to the policies behind the requirement of contiguity.