[Decided November 29, 1897; rehearing denied.]
## WILLIS v. ABRAHAM.
(51 Pac. 79.)

1. HARMLESS ERROR—ARGUMENTATIVE PLEADING.—The refusal to strike out of an answer certain allegations that constituted an argumentative denial was harmless, where the allegations were such as could have been proven under the specific denials.

2. ADMISSIBILITY OF EVIDENCE.—Evidence that a deed of land was given to plaintiff as a matter of convenience and in trust for defendant, although not pleaded, is admissible to rebut evidence by plaintiff that defendant and he purchased the land together.

3. IDEM.— A defendant having denied that he ever entered into a transaction wherein he agreed to pay plaintiff a part of the proceeds of certain lots, may, without pleading payment or release, introduce in evidence a receipt made by plaintiff to him, purporting to be "in full of all accounts to date, including all demands, of whatsoever nature," in order to show the improbability that such a transaction existed prior to the date thereof.

From Douglas: J. C. FULLERTON, Judge.

Action by William R. Willis to recover from Sol. Abraham certain moneys alleged to be due under a contract. Judgment for defendant, and plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William R. Willis* in pro. per.

For respondent there was a brief and an oral argument by *Messrs. C. A. Sehlbrede* and *Albert Abraham.*

MR. JUSTICE WOLVERTON delivered the opinion of the court.

The cause of action, as exhibited by the complaint, is, in substance, as follows: That in January, 1882, the

plaintiff was the owner of an undivided half of thirty-one acres of land at Green's Station, and that defendant was the owner of an undivided one half of fifty-seven acres at what is now the town of Dillard, and thirty-four acres at what is now the town of Riddle, all in Douglas County, Oregon; that it was then mutually agreed that all said lands should be laid off into town lots and offered for sale; that plaintiff should attend to and do all necessary legal business in recording plats of said town lots, and all other matters necessary to be done, so that the sale thereof should be in all respects legal, and, when his interest in the lands at Green's Station was sold, that he should pay to defendant one third the proceeds of the same, in consideration whereof defendant undertook to pay to plaintiff one third the proceeds of the sale of the lands or lots at Dillard and Riddle, when sold; that plaintiff has duly performed on his part, but that defendant, although having sold his interest in the lands and town lots at Dillard and Riddle, refuses to pay to plaintiff one third of the proceeds thereof, amounting to $912.83. The answer denies that plaintiff was the owner of any interest in the lands at Green's Station, or had any title thereto, except the mere legal title, which was conveyed to him in trust for the defendant, under an express understanding that he should convey said lands to defendant when the conditions of a contract concerning the same between the said defendant and one Jeptha Green, the former owner thereof, should be fully performed. It is admitted that the defendant was the owner of the undivided half of the lands and lots at Dillard and Riddle, but

all other allegations of the complaint are specifically denied, except as it concerns the transfer of the land at Green's Station, which is qualified by an allegation that the plaintiff, upon a rescission of the contract with Jeptha Green, at defendant's request redeeded the land to said Green, but without consideration, except that plaintiff recovered from Green compensation for some pretended services while holding the legal title. A motion was filed and overruled to strike out the affirmative matter contained in the answer. The verdict and judgment being for defendant, plaintiff appeals. Error is predicated of the disallowance of the motion, and the assignments involve, also, alleged errors in the admission of evidence and instructions to the jury.

1. The affirmative matter of the answer, to which objection is taken by the motion to strike out, constitutes an argumentative denial of the allegations in the complaint which it was intended to explain. Such a pleading may be considered faulty, in the light of the best authorities, but the court's refusal to strike out could have done the defendant no harm, inasmuch as those facts could have been proven under the specific denials. The evidence would have been the same in either event, and consequently the result the same. Under these circumstances, the ruling on the motion was not reversible error: *Davis* v. *Shuler,* 14 Fla. 438.

2. The plaintiff, as a witness in his own behalf, testified, among other things, as follows: "Mr. Abraham and I got these town lots together, and on or about the eighth day of January, 1882, we agreed to

give Mr. Brandt one third of the proceeds of these lots. The agreement was that we were to sell these lands and divide the proceeds. * * * It was made here in Roseburg, in Mr. Abraham's office in his store. That was after we had title to this interest in those town sites along the line of the road." J. B. Riddle, J. M. Dillard, Jeptha Green, the defendant, and other witnesses called in behalf of the defendant, testified, over the objection of the plaintiff, to matters tending to show that all these lands were purchased by the defendant, the consideration moving from him only, and that plaintiff had or acquired no interest therein whatever, except that the deed from Jeptha Green for the land at Green's Station was given to him as a matter of convenience, and in trust for the defendant. The tract was afterwards redeeded to Green. The plaintiff contends that this testimony was incompetent, because it tended to prove an issue not made by the pleadings; it being admitted that defendant was the owner of a half interest in the Dillard and Riddle tracts. But the plaintiff himself opened up the controversy when he testified that he and the defendant got the town lots together, which would imply that they were jointly interested in the purchase thereof, and it was perfectly relevant and competent for the defendant to rebut this showing.

3. While plaintiff was still a witness in his own behalf, and under cross-examination, the defendant produced a receipt executed by plaintiff to him on November 26, 1888, purporting to be "in full of all accounts to date, including all demands of whatever nature," which was offered in evidence over plaintiff's

objection, based upon the ground that no payment or release was pleaded in the answer. The purpose of the offer was to show the improbability of the existence of such an arrangement or transaction as plaintiff alleges to have existed between him and the defendant prior to that date, and not to show payment or settlement of that particular demand, for it was denied in toto. In this view, its admission was not error. An instruction touching the receipt was also objected to upon the same ground. When read, however, in connection with the other instructions, it is in accord with the purpose for which the receipt was offered, and therefore unobjectionable. Other instructions excepted to were properly given, and, there being no error in the record, the judgment of the court below will be affirmed.

AFFIRMED.

[Decided November 29, 1897; rehearing denied.]