ANDREW HAMILTON, as Administrator, etc., of DONALD ANDREW HAMILTON, Deceased, Appellant, *v.* JOSEPH DANNENBERG, Respondent.

First Department, November 3, 1933.

*Joseph G. Wiman* of counsel [*Herbert M. Levy* with him on the brief; *Joseph G. Wiman,* attorney], for the appellant.

*Julius M. Arnstein* of counsel [*Daniel Loewenthal,* attorney], for the respondent.

PER CURIAM. This action was instituted against defendant, an attorney at law, for damages resulting from his failure to proceed to trial with an action to recover damages for negligence, which plaintiff commenced against the Broadway-170th Street Holding Corporation. The personal injury action was dismissed for failure to prosecute. The Statute of Limitations had run in the meantime and, as a consequence, further proceedings were barred.

Plaintiff here seeks a recovery upon two independent theories, (1) in tort based upon negligence on the part of this defendant; (2) in contract for breach of contract of retainer.

The motion was made to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

The present action is based upon the failure of defendant to carry out the arrangements which he made with plaintiff to properly present the original action to the court for final determination. It is alleged in this complaint that the deceased met his death

through the failure of the Broadway-170th Street Corporation to provide a proper railing or " other barrier or protection about the * * * roof " on which the corporation had invited its tenants, including the deceased infant, to be present; that it failed " to take reasonably adequate precautions for their safety," and that, as a result of its failure to do so, the infant was caused to fall from the roof and was fatally injured. Assuming, as we must for the purpose of this appeal, that all the allegations set forth in the complaint are true, then facts necessary to sustain an action of this type are pleaded. (See *Schmitt* v. *McMillan*, 175 App. Div. 799.)

The order herein should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendant to answer within ten days on payment of said costs.

Present — FINCH, P. J., MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within ten days from service of order upon payment of said costs.