Argued September 17; affirmed September 29, 1936

## BRADY *v.* SELBERG ET AL.
### (60 P. (2d) 1104)

*Harry G. Hoy,* of Portland (Hoy & Doxey and Arthur E. Prag, all of Portland, on the brief), for appellant.

*Joseph Van Hoomissen,* of Portland, for respondents.

BEAN, J.   This is a suit by plaintiff, Rosa Brady, against the defendants, Jennie Selberg and John Selberg, to foreclose a mortgage on certain real property in Portland, Oregon, given to secure a note executed by defendants to Bernard Brady, dated September 27, 1930, in the sum of $2,500, payable five years after date, with interest at the rate of 7 per cent per annum, payable semi-annually. The complaint was filed January 29, 1935. The complaint alleges that the mortgagee, Bernard Brady, assigned said mortgage to plaintiff on May 23, 1933. This assignment was recorded January 10, 1934.

Defendants answered that prior to the maturity of said mortgage defendants entered into an agreement with appellant and her then-living husband, Bernard Brady, the original mortgagee, wherein and whereby the defendants paid the sum of $800 cash and executed a substituted mortgage for $600 payable on or before one year after date on the same real property in full satisfaction of the note and mortgage set out in plaintiff's complaint.

The testimony, admitted without objection, shows that on April 20, 1931, the defendant Jennie Selberg paid Bernard Brady, the mortgagee, $500 on account of the mortgage, which was not mentioned in the pleadings.

The evidence shows that in consideration of the payment of the said $800 and said $600 mortgage plaintiff and her then-living husband agreed to satisfy and cancel the $2,500 mortgage; that said agreement was executed and completed on February 23, 1934, by plaintiff personally accepting from defendants $800 and accepting the note and mortgage executed by Jennie Selberg, one of defendants, and at said time plaintiff

personally delivered, in the presence of her husband, the original $2,500 mortgage to defendants, with the endorsement upon said mortgage and the copy of the note, across its face: "Paid in full, February 23, 1934, B. Brady, by Raymond Brady", and at that time plaintiff Rosa Brady delivered to defendants an acknowledgment over her own signature to the effect that she could not find the original $2,500 note but the same was declared cancelled and discharged and upon its discovery would be delivered to defendants.

The proof fully supports the answer of defendants. Plaintiff replied that Bernard Brady, her then husband, was on February 23, 1934, not authorized to represent plaintiff.

It clearly appears from plaintiff's testimony that she was in doubt as to whom the mortgage and note belonged. It appears that they had forgotten all about the assignment of the mortgage from Bernard Brady to his wife, or for some reason ignored the same, and simply had the satisfaction of the mortgage executed by Bernard Brady. This was all done with the knowledge and consent of plaintiff who was present and took part in the transaction.

■■ Plaintiff contends that there was no consideration for the accord and satisfaction of the $2,500 note and mortgage. She cites and relies upon *Schumacher v. Moffitt,* 71 Or. 79 (142 P. 353); *Warrenton Lbr. Co. v. Smith,* 117 Or. 530 (245 P. 313); 1 R. C. L. 184, § 15.

It is laid down in 1 C. J. 529, § 16, as follows:

"To constitute a valid accord and satisfaction it is also essential that what is given or agreed to be performed shall be offered as a satisfaction and extinction of the original demand; that the debtor shall intend it as a satisfaction of such obligation, and that such intention shall be made known to the creditor in some unmis-

takable manner. It is equally essential that the creditor shall have accepted it with the intention that it should operate as a satisfaction. Both the giving and the acceptance in satisfaction are essential elements, and if they be lacking there can be no accord and satisfaction. The intention of the parties, which is of course controlling, must be determined from all the circumstances attending the transaction.''

See, also, *State v. Funk,* 105 Or. 134 (199 P. 592, 209 P. 113) ; *Warrenton Lbr. Co. v. Smith,* supra.

It is clearly shown by the testimony that the law which we have just quoted was fully complied with by the defendants. The pleadings and the proof show that after negotiations in regard thereto it was agreed the mortgage in question should be satisfied by the additional payment of $800 and the giving of a new mortgage for $600. The intention of the debtors was clearly made known to plaintiff and her husband, and it is shown that the payments were accepted ''with the intention that it should operate as a satisfaction''. In other words, both the giving and the acceptance of the satisfaction are clearly shown.

The plaintiff Rosa Brady, by accepting $800 in cash and the $600 mortgage, recording such mortgage, and tendering to defendants the satisfaction of the $2,500 mortgage executed by Bernard Brady and giving a receipt for the $2,500 note and agreeing to deliver same when it was found, led the defendants to believe that her husband was the owner of the $2,500 mortgage and the proper person to execute the satisfaction thereof. She thereby adopted the satisfaction of the mortgage as her own, and is by her own conduct estopped from claiming any right whatsoever on account of the $2,500 mortgage: 21 C. J. 1060, § 2.

■ In *Warrenton v. Smith,* supra, at page 539 of the Oregon Report [117], it is stated that an accord and satisfaction means the substitution of another agreement in satisfaction of the former one and an execution of the latter agreement. The agreement as to the settlement of the $2,500 mortgage was fully executed. This case does not depend simply upon the agreement to settle the note, but the agreement is fully executed, as shown by the oral testimony and the written testimony. It is essential that an accord should be executed in order to constitute a bar to an action on the original demand. An executed agreement for an accord and satisfaction like the case in hand is not like substituting one cause of action for another: Hunt on Accord and Satisfaction, p. 6, § 3.

■ The $2,500 note, as appears upon its face, was not due at the time of the settlement. There was some interest due and taxes on the property had not been paid, and plaintiff had the right, in accordance with an acceleration clause in the mortgage, to exercise an option to declare the note and mortgage due. This option had not been exercised. Where a note, by its terms, does not mature and contains an acceleration clause at the option of the payee on account of nonpayment of interest, such acceleration clause is not self-executing, and said note does not become due unless the option is exercised: *Holt v. Guaranty & Loan Co.,* 136 Or. 272 (296 P. 852); *Harrison v. Beals,* 111 Or. 563 (222 P. 728); *Nickell v. Bradshaw,* 94 Or. 580 (183 P. 12, 11 A. L. R. 623). We think there was sufficient consideration for the accord and satisfaction.

The equities are all with defendants. The decree of the circuit court must be affirmed. It is so ordered.

CAMPBELL, C. J., not sitting.