844

■ KRAHAM REALTY CO., INC., Respondent, v. COUNTY LINE SHOPPING CENTER, INC., Appellant. COUNTY LINE SHOPPING CENTER, INC., Appellant, v. KRAHAM REALTY CO., INC., Defendant, and OSCAR MUROV, Respondent.— In an action by a real estate broker against an owner to recover a balance alleged to be due on account of commissions, the answer contains a counterclaim against the broker and the owner's attorney, not originally a party to the action, to recover damages alleged to have been sustained by breaches of their duty. The Special Term (1) granted the broker's motion to dismiss the counterclaim as to it for insufficiency, with leave to serve an amended answer, and denied its motion for summary judgment, and (2) granted the attorney's motion to dismiss the counterclaim as to him for insufficiency, with leave to serve an amended answer. The appeals are from so much of the orders entered thereon as dismissed the counterclaim. Orders affirmed, with one bill of $10 costs and disbursements to each respondent. There are no factual allegations set forth in the counterclaim which would serve to render liable the broker and the attorney by reason of appellant's execution of leases. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ MILDRED LARKIN, Appellant, v. CHARLES J. LARKIN, Respondent.— In an action for separation, the final judgment, as modified, allowed $20 a week for appellant's support and maintenance. She moved to further modify the judgment so as to increase the allowance for support to $150 a week and for a counsel fee of $3,500. The Official Referee to whom the motion was referred to hear and determine granted the motion to the extent of increasing the allowance for support to $27 a week and awarded a counsel fee of $100. The appeal is (1) from so much of an order dated February 16, 1956 as increased the allowance for support to $27 a week only and allowed a counsel fee of only $100, and (2) from an order dated May 31, 1956 denying appellant's motion for an allowance for the cost of printing minutes, and counsel fees for prosecution of the appeal from the order dated February 16, 1956. Order dated May 31, 1956 reversed, without costs, and motion granted to the extent of directing respondent to pay to appellant $150 as a counsel fee for the prosecution of this appeal. Order dated February 16, 1956 modified on the facts by further increasing from $27 to $40 a week the allowance for appellant's support and maintenance. As so modified, order affirmed, without costs. Upon the facts disclosed by this record and the reasonable inferences therefrom, it is our opinion that the increased award of alimony and the payment of additional counsel fee (to the extent indicated) are justified. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ HYMAN LASKER et al., Appellants, v. IRVING BOYAR et al., Defendants, and HARRY BOYARSKY, Respondent.— In an action to recover damages for fraud alleged to have been committed pursuant to a conspiracy to defraud, the appeal is from an order dismissing the complaint as against respondent on the ground that it does not state facts sufficient to constitute a cause of action, with leave to plead over. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ SESTY LETTIERI, Appellant, v. ROSA STABILE, Individually and as Executrix of JOHN LETTIERI, Deceased, et al., Respondents.— In an action for specific performance of an alleged agreement of the testator of the respondent executrix to bequeath to appellant his shares of capital stock in two certain corporations, and for other incidental relief, the appeal is from so much of the judgment as dismissed the complaint on the merits after trial before an Official Referee. Judgment insofar as appealed from unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [See post, p. 928.]