Argued February 8, affirmed April 2, 1973

HARDING ET UX, *Appellants, v.* BELL ET AL,
*Respondents.*

508 P2d 216

*Randolph Slocum,* Roseburg, argued the cause for appellants. With him on the briefs were James H. Spence and Peter Nilsen, Roseburg.

*Thomas H. Tongue,* Portland, argued the cause for respondents. With him on the brief were Morrison, Bailey, Dunn, Cohen & Miller, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOWELL and BRYSON, Justices.

BRYSON, J.

Plaintiffs filed this action charging defendants, attorneys at law, with legal malpractice. The trial court sustained demurrers to plaintiffs' fourth amended complaint. Plaintiffs refused to plead further and the trial court, on defendants' motion, entered judgment for defendants on the pleadings. Plaintiffs appeal, contending that the court erred in sustaining defendants' demurrers. At oral argument, counsel for plaintiffs conceded that the challenged pleading failed to state a cause of action against defendant F. P. Stager. The principal question is whether plaintiffs' complaint states a cause of action against defendants Bell and Gehlen.

An action for negligence by an attorney is not fundamentally different from other more typical actions for negligence. The elements are duty, breach of duty, causation, and damages, and the plaintiff client bears the burden of pleading and proving every fact essential to establish these elements of his case. *See Dorf v. Relles,* 355 F2d 488, 492 (7th Cir 1966); *Budd v. Nixen,* 6 Cal 3d 195, 200, 98 Cal Rptr 849, 852, 491 P2d 433 (1971); *Ishmael v. Millington,* 241 Cal App 2d 520, 523, 50 Cal Rptr 592, 593 (1966); 7 CJS Attorney and Client §§ 155, 157(b); Wade, "The Attorney's Liability for Negligence," Professional Negligence (Roady and Andersen ed 1960). For the client who charges his attorney with misconduct in prosecuting or defending litigation, pleading and proving the element of causation have presented the most serious

obstacles to recovery. As Dean Wade explains in the article last cited, at 231-32:

> "It is in connection with negligence in the conduct of litigation that the question of causation has presented its most difficult problems. Here the rule has developed that when the client lost his case he must show not only that the attorney was negligent but also that the result would have been different except for the negligence. In other words, this involves a 'suit within a suit,' and the client must show that he would have won the first suit as one step in order to win the second one.

> "If the original action was lost, the client must show that the original claim was a sound one and that he was entitled to recover on it. If the defense was negligently not presented in the original action, the client must show that it was a valid one. * * *"

To the same effect are Annot., 45 ALR2d 5, 19-22 (1956); Leavitt, The Attorney as Defendant, 13 Hast L J 1, 29 (1961); and Coggin, Attorney Negligence... A Suit Within a Suit, 60 W Va L Rev 225, 235-36 (1958).

■ In pleading a legal malpractice action, the client must allege facts sufficient to show the existence of a valid cause of action or defense which, had it not been for the attorney's alleged negligence, would have brought about a judgment favorable to the client in the original action. In *Milton v. Hare et al*, 130 Or 590, 280 P 511 (1929), the plaintiff engaged the defendant attorneys at law to bring a suit against one Lohmire to rescind an exchange of real estate allegedly induced by Lohmire's fraud. This court stated, at 598, 280 P at 514:

> "Unless plaintiff had a good cause of action against Lohmire, whom she accuses of having

cheated and defrauded her, she has no cause of action against defendants. Unless she had a good cause of action against Lohmire for fraud she lost nothing by the conduct of defendants, even though they were guilty of gross negligence * * *."

In *Milton* the Court examined the allegations of plaintiff's complaint and held that plaintiff failed to state a cause of action for legal malpractice because she failed to state facts sufficient to show that the claim for fraud underlying the charge of legal negligence was itself valid. A similar rule was applied in the following cases. *Hege v. Worthington, Park & Worthington,* 209 Cal App 2d 670, 26 Cal Rptr 132 (1962); *Modica v. Crist,* 129 Cal App 2d 144, 276 P2d 614 (1954); *Feldesman v. McGovern,* 44 Cal App 2d 566, 112 P2d 645 (1941); *Sohn v. Bernstein,* 279 A2d 529 (Me 1971); *Johnson v. Haskins,* 119 SW2d 235 (Mo 1938); *Haggerty v. Watson et al,* 277 App Div 789, 97 NYS2d 318 (1950), affirmed 302 NY 707, 98 NE2d 586 (1951); *Kraham Realty Co., Inc. v. County Line Shopping Center, Inc.,* 3 App Div 2d 844, 161 NYS2d 386 (1957); *Schmitt v. McMillan,* 175 App Div 799, 162 NYS 437 (1916). *See also, Martin v. Nichols,* 110 Wash 451, 188 P 519 (1920) (counterclaim held insufficient to state a claim for malpractice for failing to assert a defense in the client's lawsuit since there was no allegation that a defense to the original action existed).

In this case, plaintiffs' fourth amended complaint generally alleges that plaintiffs were sued by Halton Tractor Company (Halton) for foreclosure of a mortgage on three tractors and a road grader which Halton had sold to plaintiffs. Plaintiffs contend that paragraph IV of this complaint alleges facts sufficient to show that plaintiffs possessed the defense of accord

and satisfaction to this foreclosure. Paragraph IV states:

> "That prior to the institution of said suit, the plaintiffs herein and Halton Tractor Company entered into an oral agreement in which said plaintiffs promised to deliver to Halton Tractor Company the said tractors and said road grader, together with a fourth tractor belonging to these plaintiffs and in which Halton Tractor Company had no prior interest, and said plaintiffs promised to allow Halton Tractor Company to recondition said equipment and sell the same at retail and to apply the proceeds of sale, first to the costs of reconditioning, second to satisfy the debt owing by these plaintiffs to said company, and third the residue, if any, to these plaintiffs; that Halton Tractor Company promised under the said agreement to recondition and sell at retail said equipment and to apply the proceeds as stated herein; that the plaintiffs delivered to Halton Tractor Company the said equipment on or about March 15, 1965, for the purpose of complying with said oral agreement; that Halton Tractor Company failed to perform any part of the said agreement and instead commenced said suit in contravention of said agreement and ostensibly for the purpose of obtaining legal title in the name of said company so that said equipment might be sold."

Other portions of the complaint allege that defendants were retained to defend the suit, that defendants were aware of the agreement mentioned in paragraph IV of the complaint but negligently failed to plead or otherwise assert the defense, and that, as a result, a decree adverse to plaintiffs was entered.[1]

In view of the rules previously discussed, the

---

[1] We need not set out the remainder of plaintiffs' allegations. No contention has been made that any portion of the fourth amended complaint, other than paragraph IV, sets forth the defense of accord and satisfaction.

issue is whether paragraph IV of the complaint states facts sufficient to constitute the defense of accord and satisfaction. If this question is answered in the negative, plaintiffs have failed to plead an essential element of their case, e.g., that their damages were caused by the failure of defendants to plead a valid defense.

■ On this appeal, this court is substantially in the situation that it would be in reviewing a successful demurrer by Halton in the foreclosure suit had plaintiffs filed an answer containing every material allegation found in paragraph IV.[⑧] The demurrer admits

---

[⑧] *Cf.* Lally v. Kuster, 177 Cal 783, 171 P 961 (1918); Campbell v. Magana, 184 Cal App 2d 751, 8 Cal Rptr 32 (1960); and Roehl v. Ralph, 84 SW2d 405 (Mo App 1935). These were malpractice actions in which the appellate court examined the trial court's finding that the client did or did not possess a valid claim or defense in the original litigation. In each case the result on review would have been the same, because the issue would have been the same, had the court been hearing an appeal of the original lawsuit based on the evidence produced in the malpractice trial. For example, Lally v. Kuster, *supra,* was a malpractice action charging an attorney with negligence in failing to diligently prosecute the client's foreclosure suit against a mortgage debtor, Mrs. Brown. The court stated at 790, 171 P at 963:

"* * * The utmost that we can assume on the appeal of the instant case is that the most favorable decree she [Mrs. Brown] could have secured would have been one based upon the truth of her testimony and all the inferences properly deducible from that testimony. On this appeal this court is substantially in the situation that it would be in reviewing the decision of the trial court in the mortgage foreclosure proceeding had the evidence offered here been introduced in that case and the decision therein been favorable to the defendant, Mrs. Brown."

In reviewing the pleadings in a malpractice action such as this one, a court must also analyze the sufficiency of the allegations concerning the claim or defense in the original action. *See* Maryland Casualty Co. v. Price, 231 F 397 (4th Cir 1916); Milton v. Hare et al, 130 Or 590, 280 P 511 (1929); Hamilton v. Dannenberg, 239 App Div 155, 267 NYS 156 (1933). In doing so, the court performs no different function than it would in reviewing the pleadings, as they were or allegedly should have been made, in the original action itself.

as true all facts well pleaded and all the intendments and inferences therefrom that can reasonably be drawn. *Musgrave et ux v. Lucas et ux,* 193 Or 401, 408, 238 P2d 780 (1951). However, nothing passes as a fact unless it is expressed in plain and concise language. *Baker Hotel v. Employees Local 161,* 187 Or 58, 64, 207 P2d 1129, 1132 (1949). Where the trial court has sustained a demurrer and the plaintiff, who might have amended his complaint, refused to do so, the allegations of the complaint must be construed most strongly against the plaintiff. *Smith v. Cooper,* 256 Or 485, 512, 475 P2d 78, 91 (1970); *Ritchie v. Thomas. et al,* 190 Or 95, 224 P2d 543 (1950). Plaintiff is presumed to have stated his case as strongly as the facts will justify, and facts not alleged will be presumed not to exist. *Windle, Adm'x et al v. Flinn et al,* 196 Or 654, 662, 251 P2d 136 (1952).

■ An accord and satisfaction has been defined as "the substitution of another agreement in satisfaction of the former one, and an execution of the latter agreement * * *." *Warrenton Lumber Co. v. Smith et al,* 117 Or 530, 539, 245 P 313 (1926). Since an accord and satisfaction is a matter of affirmative defense to the original obligation, the burden of pleading every necessary element is on the party claiming the defense. *Lenchitsky v. H. J. Sandberg Co.,* 217 Or 483, 343 P2d 523 (1959). Our cases have approved the following statement of the elements of accord and satisfaction.

> " 'To constitute a valid accord and satisfaction it is also essential that what is given or agreed to be performed shall be offered as a satisfaction and extinction of the original demand; *that the debtor shall intend it as a satisfaction of such obligation, and that such intention shall be made known to the creditor in some unmistakable manner.* It is equally

essential that the creditor shall have accepted it with the intention that it should operate as a satisfaction. Both the giving and the acceptance in satisfaction are essential elements, and if they be lacking there can be no accord and satisfaction. The intention of the parties, which is of course controlling, must be determined from all the circumstances attending the transaction.' " (Emphasis supplied in *Lenchitsky.*) 217 Or at 490, 343 P2d at 526.

*See also, Weaver et al v. Williams,* 211 Or 668, 680, 317 P2d 1108, 1114 (1957); *Brady v. Selberg,* 154 Or 477, 479-80, 60 P2d 1104, 1105 (1936).

■ This allegation does not sufficiently evidence the intent of the parties to presently extinguish and thereby fully satisfy the pre-existing indebtedness. Assent by Halton to the complete cancellation of the prior obligation is an essential element of plaintiffs' defense and must be pleaded by clear expression, not vague allusion.

For these reasons we affirm the trial court's ruling that plaintiffs' fourth amended complaint fails to state a cause of action for legal malpractice. This conclusion renders unnecessary any discussion of plaintiffs' remaining assignments of error concerning estoppel and the statute of limitations in this type of action.

Affirmed.