Argued October 30, 1975, affirmed January 29, 1976

# PICKETT, *Respondent,*
## *v.*
# PICKETT, *Appellant.*

544 P2d 1042

*Fred Allen,* Coos Bay, filed a brief and argued the cause for appellant.

*George T. Gant,* of McNutt, Gant & Ormsbee, Coos Bay, filed a brief and argued the cause for respondent.

McALLISTER, J.

## McALLISTER, J.

The plaintiff, Bonnie Jean Pickett, filed a claim against the estate of John Joseph Pickett, deceased. The defendant, June Pickett, disallowed the claim and in accord with the procedure established by ORS 115.145 and 115.155 the plaintiff filed a separate action in the circuit court for Coos county against the personal representative, June Pickett, to prove plaintiff's claim against the estate.

The plaintiff, Bonnie Jean Pickett, had been married to the decedent John Joseph Pickett, but the couple separated in June 1969 and were divorced in December 1971. The plaintiff operated Jean's Food Center in a building rented by her in Coquille. The decedent was a lawyer and a law office for him was added to the building. The electricity for the building was charged to Jean's Food Center and decedent promised to pay plaintiff $35 per month as his share of the electric light bill. The decedent made his monthly electric payments through December 1969. Plaintiff, in her first cause of action, sought to recover the electricity payments from January 1970 until April 1972 when a separate meter was installed for decedent's portion of the premises. The amount due from decedent for electricity was $980.

In a second cause of action plaintiff sued for $499.86 for groceries and other merchandise sold to decedent from her market and charged to his account.

The defendant filed a general denial. The jury returned a verdict for plaintiff for $1,479.86, the full amount of her claim. Defendant appeals.

On December 21, 1971 the plaintiff and decedent, in connection with their divorce, had executed a property settlement agreement which defendant claimed released each of the parties from "all claims and demands" of the other. Defendant offered the agreement in evidence, but the offer was refused.

[ 137 ]

The sole issue on appeal is whether the court erred in excluding the property agreement from evidence.

During his opening statement to the jury defendant's counsel told the jury that plaintiff and decedent had made a property settlement and "settled all their differences in December of 1971 and this is our defense." Immediately after the opening statements the court and counsel conferred in chambers, where the court, relying on *Cronn v. Fisher,* 245 Or 407, 422 P2d 276 (1966), ruled that "payment is an affirmative defense and must be pleaded and proved, and the burden of proof is upon the executrix" and that he would "not allow evidence of payment to come in under these pleadings, Mr. Allen."

At that time Mr. Allen, defendant's counsel, moved to amend his "defense to allow the affirmative defense of payment." This motion was denied and the trial proceeded on the general denial as filed.

■ Assuming that the property agreement was evidence of payment or of an accord and satisfaction, both were affirmative defenses, neither of which could be proved under a general denial,[1] and it is obvious that the court did not err in so ruling.

Defendant cites *Willis v. Abraham,* 31 Or 562, 565-566, 51 P 79 (1897), but that case is distinguishable and does not aid defendant in this case.

■ Defendant assigned as error only the "exclusion of the property agreement." Since the property agreement had not been pleaded, either as payment or as an accord and satisfaction, the court did not err in excluding the property agreement from evidence.

Since the defendant does not assign as error the refusal of the court to permit her to amend her answer, we need not consider that question.

The judgment for the plaintiff is affirmed.

---

[1] See, as to necessity of pleading payment as an affirmative defense, *Cronn v. Fisher,* 245 Or 407, 422 P2d 276 (1966); and as to necessity of pleading accord and satisfaction *Harding v. Bell,* 265 Or 202, 209, 508 P2d 216 (1973); *Lenchitsky v. H. J. Sandberg Co.,* 217 Or 483, 490, 343 P2d 523 (1959).