Argued and submitted October 19, 1981,
reversed and remanded July 8, 1982

MASON,
*Appellant,*

*v.*

HOUSEHOLDER,
*Respondent.*

(No. A7908-03919, CA A20984)

647 P2d 980

Robert L. McKee, Portland, argued the cause and filed the brief for appellant.

Scott F. Gilman, Portland, argued the cause for respondent. With him on the brief were Herbert G. Grey and Breathouwer & Gilman, Portland.

Before Warden, Presiding Judge, and Warren and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is a negligence action to recover damages for personal injuries and punitive damages resulting from a pedestrian-automobile accident. Plaintiff, the pedestrian, appeals from a jury verdict that awarded compensatory damages, found defendant 60 percent negligent and plaintiff 40 percent negligent and denied punitive damages. Plaintiff contends that the court erred in striking a specification of negligence from the complaint, in admitting evidence of defendant's "rehabilitation" after the accident for the purpose of mitigating punitive damages and in instructing the jury on the standard of care in an "emergency." We reverse.

The accident occurred in a residential area in Portland around 1 a.m. on April 29, 1979. Defendant had been drinking beer with a friend in a tavern before the accident. He was driving his friend home when he ran a stop sign at the intersection of S.E. 148th Avenue and Bush Street and continued on at a high rate of speed through one curve, lost control on a second curve, hit four parked cars and struck plaintiff. Defendant told an officer at the accident scene that he had been travelling at 55 miles per hour and that he was "just fooling around."

Plaintiff and others were gathered outside a friend's house on S.E. 148th Avenue, roughly 1,000 feet from the intersection, when they heard defendant's car approaching. There was conflicting testimony whether plaintiff was standing in the driveway of the residence or in the street when defendant's vehicle hit him. Defendant and his passenger testified that plaintiff was in the street in a "basket-ball defense position" and appeared to be egging them on.

■ Plaintiff challenges the admission in evidence of defendant's "rehabilitation" after the accident. Defendant testified over plaintiff's objection that he had changed for the better since the accident; that he was more mature because of it and that he had stopped drinking and no longer frequented taverns. He testified that he felt remorseful about his behavior preceding the accident and that he had pled guilty to a reckless driving charge that arose out of the accident.

Defendant argues that the evidence is admissible on the issue of punitive damages, contending that, because such damages are assessed as a deterrent, the jury must consider whether *this* defendant needs to be deterred from committing similar acts in the future before it can decide whether to assess punitive damages at all. Plaintiff argues that defendant's actions after the accident are irrelevant to his conduct at the time of the collision and should have no bearing on the jury's assessment of punitive damages.

The question on appeal is whether matters occurring after the happening of the tortious act, and unrelated to the defendant's state of mind at the time of the events, are admissible on the issue of punitive damages. We believe not.

The rationale for the assessment of punitive damages is articulated in *Noe v. Kaiser Foundation Hosp.,* 248 Or 420, 435 P2d 306 (1967):

> "Punitive damages can only be justified on the theory of determent [sic]. See Hodel, The Doctrine of Exemplary Damages in Oregon, 44 Or L Rev 175 (1965). It is only in those instances where the violation of societal interests is sufficiently great and of a kind that sanctions would tend to prevent, that the use of punitive damages is proper." 248 Or at 425.

It is the tortious act and the motives with which it is committed that give rise to punitive damages. The focus of the jury's inquiry, therefore, should not be the character of the wrongdoer himself but the character and quality of his tortious conduct. It follows that matters occurring after the tortious act are not material to the issue of punitive damages, unless they constitute evidence of the manner in which the complained of event occurred.

In *Byers v. Santiam Ford, Inc.,* 281 Or 411, 574 P2d 122 (1978), the defendant attempted to introduce evidence of offers of settlement that it made after the complaint was filed, arguing that it was relevant to the issue of punitive damages because it was probative of its good faith and conciliatory attitude. The Supreme Court affirmed the trial court's exclusion of the evidence and stated:

> "Evidence of the parties' conduct subsequent to the event which produces plaintiff's claim for punitive

damages, whether aggravating or mitigating, must be probative of the defendant's state of mind at the time of the transaction." 248 Or at 416.

This was also the basis of the court's ruling in *Vandermeer v. Pacific N. W. Develop.*, 274 Or 221, 545 P2d 868 (1976), an action for false imprisonment. There, evidence of the defendant's subsequent threatening acts towards the plaintiff were held to be admissible as probative of the defendant's malice at the time of his tortious conduct. The court, in allowing evidence that the defendant had attempted to evict the plaintiff and had brought unsuccessful proceedings against her to accomplish that end, stated:

"While defendant had a right to evict for no cause at all if it gave proper notice, defendant's resolve to carry through on the threats is probative of the existence of ill will and dislike at the time the threats were made. This evidence of ill will and dislike is relevant to the motivation which may have prompted such a severe sanction as arrest and jail for what would appear to be a relatively minor matter. It is therefore probative of malice, which is relevant to an award of punitive damages." 274 Or at 230.

In *O'Harra v. Pundt*, 210 Or 533, 310 P2d 111( (1957), an action for conversion of three dogs, the cour found that evidence that the defendant had lied was insuffi cient in itself to show the defendant's wanton or willfu disregard for the plaintiff's interests. In holding that it wa error to submit the issue of punitive damages to the jur the court stated:

"There is no evidence whatever of any actual malice or ill will on the part of the defendant toward the plaintiff. The question of the defendant's state of mind, whether wanton and wilful or not, relates to the time when he did the act of killing. An innocent or negligent act could not be converted into a wanton and wilful one by the fact that defendant thereafter sought by improper means to justify his mistake. It follows that the state of mind of the defendant at the time of the act became a matter of pure speculation, and the evidence was insufficient to support a verdict for punitive damages." 210 Or at 550-51.

*See also Annotation*, 156 ALR 1115 (1945).

Because evidence is admissible only if it is releva and material to the issue in controversy and because t

rule stated in *Byers v. Santiam Ford, Inc., supra,* makes it clear that later conduct of the tortfeasor is relevant only to the issue of punitive damages if it is probative of his state of mind at the time of the transaction, we hold that the court erred in admitting defendant's testimony of his steps toward rehabilitation after the accident.

Plaintiff argues that it was error to grant defendant's pretrial motion to strike a specification of negligence from the complaint on the ground that it was irrelevant. The complaint, in substance, alleged that the intersection of S.E. 148th and Bush is controlled by a stop sign and that plaintiff was standing at the edge of a driveway at 3935 S.E. 148th Avenue when defendant's vehicle struck plaintiff. The complaint did not allege the distance between the intersection and the point where plaintiff was struck. The complaint alleged four specifications of negligence.[1] The presiding judge struck the first specification, "In failing to stop at the stop sign," on the ground that it was irrelevant. Plaintiff argues that the motion should have been denied, which would have allowed the trial judge to decide, after weighing all the evidence, whether the evidence in support of that specification was too remote.

A motion to strike is addressed to the sound discretion of the trial court. We will not disturb the trial court's decision unless it appears that the discretion was abused to the prejudice of one of the parties. *Cutsforth v. Kinzua Corp.,* 267 Or 423, 431, 517 P2d 640 (1973).

It is elementary that in an action for negligence the plaintiff must allege and prove sufficient facts to show a duty, breach of duty, causation and damages. *McEvoy v. Helikson,* 277 Or 781, 786, 562 P2d 540 (1977); *Harding v. Bell,* 265 Or 202, 204, 508 P2d 216 (1973). It can be inferred from the allegations of the complaint that the driveway

---

[1] Plaintiff alleged that defendant was negligent:

"1. In failing to stop at the stop sign.

"2. In driving at an excessive rate of speed under the circumstances then and there existing.

"3. In failing to keep a proper lookout.

"4. In failing to keep his vehicle under proper control."

where plaintiff was standing was located near the intersection controlled by the stop sign and that defendant's failure to stop at the intersection contributed to the cause of the accident. We find, on the basis of the allegations of the complaint, that it was error to strike the specification of negligence. If at retrial, evidence of the necessary casual link between defendant's failure to stop and the harm suffered by plaintiff was not produced, the trial court could then properly strike the specification.

Reversed and remanded.[2]

[2] In view of our disposition of the action we need not address plaintiff's final contention that it was error to give Oregon Uniform Jury Instruction 10.10 on emergency. The language of the instruction was such that it applied to both parties. Suffice it to say that it is not error to give the instruction in certain cases but rarely error to refuse to give the instruction in light of the other instructions on negligence that are usually given. *Evans v. General Telephone,* 257 Or 460, 466, 479 P2d 747 (1971). The instruction should not be given if the emergency was of the defendant's own making. *Prauss v. Adamski,* 195 Or 1, 21, 244 P2d 598 (1952).