Argued and submitted December 22, 1987, affirmed April 20, reconsideration denied June 3, petition for review denied June 28, 1988 (306 Or 155)

NORTMAN,
*Appellant,*

*v.*

CITY OF PORTLAND,
*Respondent.*

(A8608-05027; CA A44659)

752 P2d 1272

Frederic E. Cann, Portland, argued the cause for appellant. On the briefs were J. Neal Spencer and Bernardi & Spencer, Portland.

Nancy E. Ayres, Deputy City Attorney, Portland, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals the dismissal of his action for declaratory and injunctive relief in which he seeks, as a taxpayer, to prevent the claimed illegal expenditure of public funds by the City of Portland (city) for the construction of a covered play area at Chapman School. The motion to dismiss was based, *inter alia,* on plaintiff's failure to plead ultimate facts sufficient to constitute a claim. Our review is limited to the sufficiency of the complaint. Because we decide that the dismissal for failure to state a claim was correct, we do not reach the other issues presented.

In his complaint, plaintiff alleged that he pays taxes "in" city. He further contended that at some time in the past the State of Oregon purchased land and built the Fremont Bridge with dedicated fuel tax money.[1] City entered into a lease agreement with the state for the land under the west approach to the bridge. Pursuant to the lease, city sublet the property to third parties. The funds accumulated by city from the subleases were placed in an I-405 recreation fund to be used in this fashion:

---

[1] Article IX, section 3a, of the Oregon Constitution dedicates fuel tax receipts:

"(1) Except as provided in subsection (2) of this section, revenue from the following shall be used exclusively for the construction, reconstruction, improvement, repair, maintenance, operation and use of public highways, roads, streets and roadside rest areas in this state:

"(a) Any tax levied on, with respect to, or measured by the storage, withdrawal, use, sale, distribution, importation or receipt of motor vehicle fuel or any other product used for the propulsion of motor vehicles; and

"(b) any tax or excise levied on the ownership, operation or use of motor vehicles.

"(2) Revenues described in subsection (1) of this section:

"(a) May also be used for the cost of administration and any refunds or credits authorized by law.

"(b) May also be used for the retirement of bonds for which such revenues have been pledged.

"(c) If from levies under paragraph (b) of subsection (1) of this section on campers, mobile homes, motor homes, travel trailers, snowmobiles, or like vehicles, may also be used for the acquisition, development, maintenance or care of parks or recreation areas.

"(d) If from levies under paragraph (b) of subsection (1) of this section on vehicles used or held out for commercial purposes, may also be used for enforcement of commercial vehicle weight, size, load, conformation and equipment regulation."

"All rents received from subleasing such portions of the property shall be used solely for the purposes of operating and maintaining the property or making improvements to the property, as may benefit the Northwest District of the City and serve the public purpose, or for such other uses as the parties may mutually agree."

City has decided to expend I-405 funds on four park projects. Portland Ord. No. 157850. One of the projects, which is at issue here, is the covered play area. Plaintiff's complaint alleged that spending I-405 funds on the project would be an illegal expenditure of city funds, because the funds are constitutionally dedicated.

When testing the sufficiency of a complaint, we accept as true all well pleaded facts and disregard conclusions of law. *See Chemical Waste Stor. v. Day/Mann,* 14 Or App 515, 520, 513 P2d 1193 (1973); *Williams v. Schrunk,* 14 Or App 61, 66, 511 P2d 1252 (1973). Plaintiff is entitled to all reasonable inferences which could be drawn from allegations made in the complaint. *See Davidson v. Wyatt,* 289 Or 47, 64, 609 P2d 1298 (1980); *Collins v. Fitzwater,* 277 Or 401, 406, 560 P2d 1074 (1977); *Lincoln Loan v. State Hwy Comm,* 274 Or 49, 52, 545 P2d 105 (1976); *Harding v. Bell,* 265 Or 202, 209, 508 P2d 216 (1973). We disregard the legal conclusion that city is spending money illegally and look for any allegations of fact that would support such a conclusion.

The only alleged expenditure of any tax money was by the state. Plaintiff does not say that that was improper and, in any event, city would not be chargeable with any illegal spending by the state. Plaintiff does not say that the expenditure by city was not proper under the lease. He does not allege facts showing that the money from the sublease was tax revenue. Plaintiff has pleaded no facts connecting taxes to the monies proposed to be spent by city. From all that appears on the face of plaintiff's pleading, city intends to spend money that it acquired from subleasing property to third parties. There are no facts pleaded even colorably showing illegality.

Affirmed.