On respondent's petition for attorney fees filed May 10, (opinion filed April 20, 1988) (90 Or App 520, 752 P2d 1272), petition denied September 14, reconsideration denied November 10, petition for review denied November 30, 1988 (307 Or 182)

NORTMAN,
*Appellant,*

*v.*

CITY OF PORTLAND,
*Respondent.*

(A8608-05027; CA A44659)

761 P2d 8

Nancy E. Ayres, Deputy City Attorney, Portland, for petition.

J. Neal Spencer, Bernardi & Spencer, Portland, contra.

Before Buttler, Presiding Judge, and Warren and Rossman Judges.

PER CURIAM

Warren, J., dissenting.

**WARREN, J.,** dissenting.

In *Nortman v. City of Portland,* 90 Or App 520, 752 P2d 1272 (1988), we affirmed the trial court's judgment of dismissal because, *inter alia,* plaintiff failed to plead facts sufficient to constitute a claim. The city has now filed a petition for attorney fees under ORS 20.105(1),[1] contending that plaintiff appealed from a trial court judgment in bad faith or solely for oppressive reasons. The majority has declined to award fees. I dissent.

Even if I disregard the protracted history of this litigation and consider only the pleading question which was brought before us on appeal by plaintiff, I would conclude that no reasonable practitioner could honestly believe that plaintiff could obtain a reversal. I would therefore find that plaintiff's appeal was brought in bad faith.

Plaintiff's complaint sought a declaration that city's proposed spending of public funds was illegal and an injunction prohibiting the spending. After stripping the complaint of its irrelevancies and obfuscation, we concluded:

"The only alleged expenditure of tax money was by the state. Plaintiff does not say that it was improper and, in any event, city would not be chargeable with any illegal spending by the state. Plaintiff does not say that the expenditure by city was not proper under the lease. He does not allege facts showing that the money from the sublease was tax revenue. Plaintiff has pleaded no facts connecting taxes to the monies proposed to be spent by city. From all that appears on the face of plaintiff's pleading, city intends to spend money that it acquired from subleasing property to third parties. There are no facts pleaded even colorably showing illegality." 90 Or App at 523.

The fact that our review was complicated by the manner in which plaintiff pleaded his claim is not to say that it had

---

[1] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

any arguable basis in fact. Our careful review of the pleadings revealed that the claim was, in fact, a sham, and from that I would conclude that it was brought in bad faith.