Russell J. DURHAM,
*Appellant,*

*v.*

Robert McCANN,
*Respondent.*

(91-0060; CA A74734)

851 P2d 1168

Clayton C. Patrick, Salem, argued the cause and filed the brief for appellant.

Bruce Thompkins, Salem, argued the cause for respondent. With him on the brief were Ralph C. Spooner and Spooner & Much, P.C., Salem.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff appeals the trial court's judgment that dismissed his complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). We reverse.

Plaintiff hired defendant to represent him in an action brought against him by Kahl. A default judgment was entered against plaintiff in that case. In this action, plaintiff alleges that the judgment resulted from defendant's negligent legal representation. He also alleges a separate claim for conversion. Defendant filed several ORCP 21 motions against plaintiff's amended complaint. The trial court allowed two of the motions, rendering the other motions moot, and dismissed the entire complaint.[1] In his oral ruling, the trial judge reasoned:

> "[Plaintiff,] you've taken [the opportunity to replead], you've filed your Amended Complaint and the same Rule 21 motions have been filed against that complaint alleging or stating that you have not set forth ultimate facts sufficient to constitute a claim. I'm ruling right now that you have not. And the rules of civil procedure are designed to stop any further proceedings in a case like this."

Plaintiff's complaint alleges that defendant was negligent:

> "A.    In failing to bring to the attention of the court and in failing to present evidence which was readily available with respect to the mental condition of plaintiff. * * * This condition specifically was documented and known to defendant * * *.

> "B.    In allowing the court to obtain an order of default against [plaintiff] without bringing to the court's attention [plaintiff's] medical condition * * *.

> "C.    *In advising [plaintiff] not to be present at the time of the scheduled trial,* * * * when defendant knew, or through the exercise of reasonable care should have known, that [plaintiff] could have been present for trial and could have been available for depositions as required by the court prior to trial.

---

[1] We review the sufficiency of plaintiff's complaint without deciding defendant's alternative motions.

"D.   In failing to pursue against Kahl a prior court order requiring Kahl to produce important documents and failing to seek sanction remedies such as dismissal of Kahl's claims for failing to abide by the court order.

"E.   In failing to raise those violations by Kahl of court orders in defense of Kahl's motion to strike [plaintiff's] answer in the underlying case.

"F.   In failing to pursue sanctions * * *.

"G.   In failing to properly investigate certain evidence * * *.

"H.   In failing to present available evidence that plaintiff was not physically in the United States * * * to oppose representations made by Kahl's counsel in the underlying proceeding." (Emphasis supplied.)

Plaintiff further pleaded:

"But for defendant's negligence, plaintiff would have obtained a better result in the underlying case in that he would have obtained a judgment in his favor, rather than the judgment which was rendered against plaintiff in favor of Lester Kahl. Plaintiff had a good and sufficient defense to the allegations of the complaint in the underlying case, which he was prevented from presenting to the court due to defendant's negligence. *Plaintiff's Answer in the underlying case is attached hereto as Exhibit A, and is incorporated herein by reference.*" (Emphasis supplied.)

■ ■   In reviewing a motion to dismiss under ORCP 21A(8), we assume the truth of all well-pleaded allegations and any inferences favorable to the plaintiff that could be drawn. *Machunze v. Chemeketa Community College*, 106 Or App 707, 712, 810 P2d 406, *rev den* 312 Or 16 (1991). Any one specification of negligence properly pleaded will defeat an ORCP 21A(8) motion to dismiss the entire claim of negligence. To plead a legal malpractice action, a plaintiff must allege facts sufficient to show the existence of a valid cause of action or defense which, had it not been for the attorney's alleged negligence, would have resulted in a favorable judgment for the plaintiff. *Harding v. Bell*, 265 Or 202, 205, 508 P2d 216 (1973).

■   Defendant argues that plaintiff failed to allege that, but for defendant's alleged negligence, plaintiff would have prevailed in the action brought by Kahl. Relying on *Anderson*

*v. Chambiss*, 199 Or 400, 262 P 298 (1953), he argues that the complaint alleges conclusions, not ultimate facts, and that plaintiff's answer, attached as an exhibit, cannot supply the essential facts. Defendant's reliance on *Anderson* is misplaced.

In *Anderson*, the plaintiff's complaint for foreclosing a mechanic's lien did not include the necessary allegation of completion. The court held that the plaintiff could not rely on the attached lien notice to provide the date of completion of the work. *Anderson* stands for the proposition that an attached exhibit to a complaint can be used to supplement an allegation, but cannot by itself constitute the missing allegation. *See* 199 Or at 409.

In contrast, plaintiff's complaint alleges that defendant told him he need not be present at trial and includes the allegation of ultimate fact that, but for defendant's negligence, he would have appeared at trial and asserted a "good and sufficient defense." Moreover, the attached answer supplements that allegation with facts that, if true, could have resulted in plaintiff prevailing in the underlying case.[2] For example, the answer alleges that Kahl was barred from bringing the claim because of prior litigation. We hold that plaintiff has pled sufficient facts to allege a claim of negligence.

The trial court dismissed the entire complaint, including the claim for conversion, without discussing the sufficiency of the allegations in that claim. Conversion is an " 'intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to

---

[2] In his answer, plaintiff denied most of Kahl's allegations and asserted an affirmative defense and offsets. He alleged that Kahl's first claim was barred by collateral estoppel, because Kahl

"has tried the identical issues in an earlier proceeding in the State of California for the County of Riverside in civil case number 188265 * * *. [Kahl] had a full and fair opportunity to litigate the issues involved with the allegations of fraud which are identical to those in this case and should be bound by those results * * *."

In defense of Kahl's second claim, plaintiff asserted that he "provided services, labor and materials for the benefit of [Kahl's] chattels" for which he was not paid, and that, under ORS 87.152, he had a lien on the chattel. In response to Kahl's third claim, plaintiff alleged that he had agreed to keep, feed and care for Kahl's horses for an unstated period of time at specified daily rates, that he performed those services and that he was owed $107,488 for those services.

control it that the actor may justly be required to pay the other the full value of the chattel.' " *Mustola v. Toddy*, 253 Or 658, 663, 456 P2d 1004 (1969) (quoting *Restatement (Second) Torts* § 222A (1965)). Plaintiff alleges that defendant "in concert" with a third person fraudulently signed checks, totalling $6,500, from plaintiff's checkbook, making them payable to defendant, and deposited them in defendant's personal bank account. Furthermore, he alleges that defendant knew that plaintiff had not authorized the third person to sign his checks and that the signatures were not valid. We hold that plaintiff has sufficiently pled a claim for conversion.

Reversed and remanded.